## Commonwealth ex rel. Citizens National Bank v. Camp et al., Appellants.

*Corporations—Foreign corporations—Stock certificates—Assignment—Consideration—Alleged illegality—When a defense—Mandamus to compel transfer.*

1. The test as to whether a demand connected with an illegal transaction is capable of being enforced at law is whether the plaintiff requires the aid of the illegal transaction to establish his case. If the plaintiff cannot open his case without showing that he has broken the law the court will not assist him, whatever his claim in justice may be upon the defendant; but if the illegality be malum prohibitum only, the plaintiff may recover, unless it be directly on the forbidden contract.

2. Where an assignment of a stock certificate with a power of attorney authorizing a transfer of stock on the books of the company is admitted to be genuine, although the instrument is executed in blank as to the date and name of transferee, the party in possession of the stock is presumptively a holder for value, and, at the trial of an application for a mandamus to compel the transfer of such stock on the books of the company to such holder, the certificates are properly admitted in evidence without proof of consideration.

3. Where in such case it appeared that the original owner of the stock was president of the defendant company and would have to sign the new certificates to be issued to take up the old ones, and that, after the assignment, the cashier of the plaintiff bank requested him to make the transfer but he refused, the contention of the defendant that the request was not made of him in his capacity as president of the company but as an individual and was not, there-

COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel. 549

1917.] Syllabus—Assignment of Error.

fore, a sufficient demand for the transfer, was without merit, especially where defendant had assumed the attitude both by his conduct and pleadings that, regardless of the sufficiency of the demand, the defendant company would decline to transfer the stock on its books.

4. In such case the court properly refused to permit defendant to show that the consideration for the assignment was an illegal agreement under which the plaintiff bank promised to suppress all knowledge of a certain misappropriation of funds of the bank by a son-in-law of the former holder of the stock and agreed not to prosecute such son-in-law for the defalcations; since the plaintiff could make out a case without disclosing the illegal contract, which became executed, and not executory, at the time of the assignment.

*Courts—Jurisdiction, C. P.—Foreign corporations—Mandamus—Pleadings—Waiver—Act of June 8, 1893, P. L. 345.*

5. In a mandamus proceeding the question of the jurisdiction of the court to award the relief prayed for against a foreign corporation, although the remedy of the Act of June 8, 1893, P. L. 345, extends only to "corporations having their chief place of business within the county, or doing business or having their property in whole or in part within the county," must be deemed to have been waived where it was not raised in the pleadings.

Argued April 30, 1917. Appeal, No. 106, Jan. T., 1917, by respondents, from order of C. P. McKean Co., Oct. T., 1914, No. 19, awarding mandamus, in case of Commonwealth ex relatione Citizens National Bank, Port Allegany, Pa., v. T. W. Camp, President, and J. S. Walker, Treasurer of Consolidated Glass Company, and the Consolidated Glass Company and Thomas W. Camp, Intervening Defendants. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition for mandamus. Before BOUTON, P. J.

The opinion of the Supreme Court states the facts.

The court awarded a peremptory mandamus, as prayed for. Respondents appealed.

*Error assigned* was in awarding the peremptory mandamus.

550 COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel.

Arguments—Opinion of the Court.        [258 Pa.

*F. D. Gallup,* with him *John G. Johnson* and *John E. Mullin,* for appellants.—The courts of Pennsylvania had no jurisdiction over the internal management of a foreign corporation: Madden v. Penna. Electric Light Co., 181 Pa. 617; McClosky v. Snowden, 212 Pa. 249; Birmingham Fire Ins. Co. v. Commonwealth ex rel. Kuehneisen, 92 Pa. 72.

The court should not have allowed the unsealed assignments of stock certificates to be offered in evidence without requiring proof of the consideration therefor: Littell v. Scranton Co., 42 Pa. 500.

The defendant should have been permitted to prove that the consideration for which the stock certificates were assigned was illegal: Pearce v. Wilson, 111 Pa. 14.

*Alex. Simpson, Jr.,* with him *C. W. Catlin* and *William E. Burdick,* for appellees.—There was no need to prove the consideration before the certificates were offered in evidence: Shattuck v. American Cement Co., 205 Pa. 197; Wadlinger to use v. First Nat. Bank of Minersville, 209 Pa. 197; Grubb v. Mahoning Navigation Co., 14 Pa. 302; Ben Franklin Fire Ins. Co. v. Flynn & Hamm, 98 Pa. 627; Stegmaier v. Keystone Coal Co., 225 Pa. 221; Littell v. Scranton Gas & Water Co., 42 Pa. 500.

The lower court had jurisdiction to entertain the action: Madden v. Penna. Electric Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 249; Birmingham Fire Ins. Co. v. Com. ex rel. Kuehneisen, 92 Pa. 72; Sproul v. Standard Plate Glass Co., 201 Pa. 103; Chambers v. Bradford Building, Loan & Savings Assn., 55 Pa. Superior Ct. 444.

OPINION BY MR. JUSTICE MESTREZAT, June 30, 1917:

This is a proceeding by mandamus instituted by the Citizens National Bank of Port Allegany, Pa., the plaintiff, to compel the defendant, the Consolidated Glass Company, a West Virginia corporation, having

COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel. 551

1917.]                    Opinion of the Court.

its principal place of business in Smethport, McKean County, this State, to transfer on its books 478 13-79 shares of its capital stock, the certificates for which, with powers of attorney in blank to transfer, are in the possession of the plaintiff bank.

T. W. Camp was the president of the defendant company and the owner of the stock in dispute, and, on April 24, 1912, assigned and transferred the certificates for the stock to the bank with an irrevocable power of attorney, executed in blank as to date and name of transferee, authorizing the transfer of the stock on the books of the defendant corporation. The bank presented its petition to the court below averring, inter alia, that Camp was the president and J. S. Walker the treasurer of the defendant company; that the petitioner was the owner of 478 13-79 shares of the capital stock of the company, and had been the owner thereof since April 24, 1912; that said shares of stock were represented by certain numbered certificates, and that they had, for value received, been transferred to the bank by endorsement thereon executed by Camp in the presence of a witness; that the certificates were delivered to the bank at the time of the transfer and were then in its possession; that a representative of the bank had presented the certificates at the office of the defendant company at Smethport, Pa., and demanded the transfer of the stock upon the books of the company and the issue of new certificates therefor; that repeated requests for the transfer of the stock had been made and likewise frequent efforts to secure the transfer, but the company refused to transfer the stock on its books and to issue new certificates; that by reason of the premises the petitioner had suffered great damage and had no specific and adequate remedy at law; and prayed the court to issue a writ of mandamus commanding the company to transfer the shares of stock represented by the certificates and to issue new certificates therefor. An alternative writ was awarded. The defendant company filed a return to the

552 COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel.

Opinion of the Court.                         [258 Pa.

writ in which it denied that the plaintiff bank had presented the certificates and made demand for the transfer of the stock on its books or that it had refused to make the transfer; that since the commencement of this proceeding Camp had advised the defendant company that he had transferred the stock to the bank for an illegal consideration and claimed he was still the owner thereof; that he would ask the court for permission to intervene in the proceeding to protect his interest in the stock; and that, if the transfer was made for an illegal consideration, the bank was not the owner of the stock and, therefore, not entitled to have it transferred. The defendant prayed that the company be dismissed with its costs until it has been legally determined that the bank is the owner of the stock "and until the requirements of the statutes in other respects has been complied with." The plaintiff bank filed a reply to the defendant's return to the alternative writ, denying that the stock was transferred by Camp to the bank for an illegal consideration, as set forth in the return, and averring that the transfer was made for a valuable consideration, the details of which are therein stated. Camp presented his petition to the court below and asked permission to intervene on the ground that part of the consideration for the transfer of the stock was illegal and against public policy, and prayed for an order permitting him to conduct the subsequent proceedings at his own expense or to take such part therein and on such terms as to the court might seem just. The court granted a rule to show cause why the prayer of the petition should not be granted, which it subsequently made absolute. On motion of plaintiff's counsel the court awarded an issue to try the matters at variance between the plaintiff and the Consolidated Glass Company and T. W. Camp, as defendants, and directed that the petition and reply of the plaintiff should stand as a declaration, and the return of the defendant company should stand as the affidavit of defense. At the conclusion of the evidence on the trial

COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel. 553

1917.]                    Opinion of the Court.

of the issue, the trial judge directed a verdict for the plaintiff. Thereafter the court entered an order that a writ of peremptory mandamus issue, directed to the president and treasurer of the defendant company, commanding them to transfer the stock upon the books of the company and issue new certificates therefor to the plaintiff bank. The defendants have taken this appeal.

The first and second assignments of error relate to the admission of certain testimony; the third, to excluding certain testimony; the fourth, to the action of the court in directing a verdict for the plaintiff; the fifth and sixth, to the refusal of a new trial; and the seventh, to the order awarding the peremptory mandamus.

The signature of Camp to the assignment and power of attorney authorizing the transfer of the stock, executed in blank as to date and name of transferee, was admitted to be genuine, and the stock being in the possession of the plaintiff bank, it was presumptively a holder for value, and, therefore, it was not error to admit the certificates in evidence without proof of consideration: Shattuck v. American Cement Co., 205 Pa. 197; Wadlinger v. First National Bank, 209 Pa. 197. The averments in the statement that the stock was transferred to the plaintiff bank for value received was not essential to its right to recover in the action, as it was also averred that the bank was the owner and in possession of the certificates transferred to it by endorsements thereon, which entitled the bank to a verdict, and, hence, the plaintiff was not bound to sustain by proof the averment that the bank was a holder for value: Stegmaier v. Keystone Coal Co., 225 Pa. 221.

We think the demand for the transfer of the stock on the books of the defendant company was sufficient. It appeared from the testimony and the defendant's answer that Camp was president of the defendant, the Consolidated Glass Company, and would have to sign the new certificates to be issued to the bank. Its cashier had a conversation with Mr. Camp over the telephone about

554 COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel.

Opinion of the Court. [258 Pa.

the transfer of the stock in which the cashier asked the latter if he would transfer upon the books the stock which the bank held, and Camp declined to make the transfer. The defendant contends that the request was not made of Camp in his official capacity, as president of the defendant company, but as an individual, and, therefore, was not sufficient to support the mandamus applied for. This contention is without merit. Camp could not execute new certificates for the stock in his capacity as an individual, but only as president of the corporation, and it necessarily follows, under the circumstances, that the demand to make the transfer was upon him as president of the defendant corporation, the ownership of whose stock was in controversy. It is to be noted that in his petition asking leave to intervene and make a defense, Camp does not allege that no demand had been made on the defendant company for the transfer of the stock. In addition to this, it is quite apparent, not only from Camp's attitude, as disclosed by his petition, but also by the reason for refusing to make the transfer contained in the defendant's return to the alternative writ, that, regardless of the sufficiency of the demand, the company would decline to transfer the stock on its books and issue new certificates to the plaintiff.

The third assignment alleges that the court erred in excluding defendant's offer to show that Camp received no consideration for the transfer of the stock, and that the transfer was made in pursuance of an agreement by Camp with the plaintiff whereby the latter agreed, in consideration of the assignment and delivery of the stock to the bank, to suppress all knowledge of certain misappropriation of the funds of the bank by Camp's son-in-law, and that the bank would not prosecute the son-in-law for the defalcations. In assigning a reason for excluding the offer, the learned court said: "This [setting up the illegal contract] was an effort on the part of Camp to prevent the transfer of the shares and thus permit them to remain upon the books of the company. If

COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel. 555

1917.]                    Opinion of the Court.

there was an agreement between Camp and the bank of
the kind alleged, it was fully executed, the shares had
been assigned and were in the possession of the bank, and
the plaintiff in making out its case was not required to
rely upon the contract, if one of the kind alleged ex-
isted.   This being an action against the corporation for
the transfer of the shares in possession of the plaintiff,
there is no way by which Camp can inject into this his
illegal transactions." We think the evidence was prop-
erly excluded.   The certificates with assignments and
duly executed powers of attorney to transfer the stock
on the books of the corporation were delivered by Camp
to the bank.   This vested in the bank prima facie a good
title to the stock, presumptively for value, and upon
presenting the certificates and assignments to the defend-
ant corporation, the bank was entitled to receive from
the corporation new certificates issued in its own name.
It follows that the right of the bank to have on demand
the stock transferred and new certificates issued there-
for, being the issue on the trial, was established prima
facie by proof that the certificates with accompanying
assignments were held by the bank.   This proof was be-
fore the court and jury when the offer, the subject of this
assignment, was made and rejected.   The plaintiff bank
was not required in the first instance to introduce fur-
ther evidence to entitle it to a verdict in the framed issue,
nor did it offer further evidence to show the considera-
tion or to sustain its title to the stock.   The plaintiff,
therefore, had shown by unimpeachable evidence its right
to have the stock transferred on the books of the defend-
ant corporation when the latter made the offer in ques-
tion and thus attempted to show that "the consideration
for the transfer was illegal and against public policy."
It is well settled that the court will not aid either party
to enforce an illegal transaction, but will leave them
where it finds them.   The plaintiff cannot make it the
basis of his claim, nor can the defendant rely upon it to
meet the plaintiff's demand.   If the plaintiff can estab-

556 COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel.

Opinion of the Court. [258 Pa.

lish his claim without the assistance of the illegal contract, the court will sustain the action and permit him to recover: Sauer v. McKees Rocks Sch. Dist., 243 Pa. 294. In announcing this doctrine, almost a century ago, in Swan v. Scott, 11 S. & R. 155, it was said (p. 164) : "The test whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case. If a plaintiff cannot open his case, without showing that he has broken the law, a court will not assist him, whatever his claims, in justice, may be upon the defendant; and if the illegality be malum prohibitum only, the plaintiff may recover, unless it be directly on the forbidden contract."

Applying this rule to the present case, it is clear that neither Camp nor the defendant company can interpose the alleged illegal consideration to defeat the plaintiff's demand for the transfer of the stock on the books of the company. The contract for the transfer of the stock by Camp to the bank was fully executed. Camp assigned and delivered the certificates of stock to the bank, and they were in its possession at the time this proceeding was instituted. The title to the stock had passed from Camp and was vested in the bank. It was no longer an open transaction, but entirely consummated as to both parties. The defendants, therefore, cannot be permitted to attack the legality of the transaction or agreement, as, if successful, it would be tantamount to the court lending its assistance to enable Camp to set aside the alleged unlawful contract, which was fully executed, and to prevent the completion of the legal title to the stock in the plaintiff by transferring it on the books of the company. In other words, it would be granting the defendants affirmative relief by, in effect, annulling the alleged illegal agreement. The proceeding is against the Consolidated Glass Company, and to sustain its right to relief the plaintiff bank was not required to invoke the aid of the illegal transaction. The bank has in its possession the

COM. ex rel. CITIZENS N. B. *v.* CAMP et al., Appel. 557

1917.]                          Opinion of the Court.

certificates of stock, with irrevocable powers of attorney from the owner to transfer them, and being thus clothed with the indicia of title it can assert its right to demand the transfer without calling to its aid the contract with the owner by which it obtained title to the stock. In the trial of the issue, therefore, the bank could and did make out a case without disclosing an illegal contract for the transfer to it of the stock by the owner, and, there being no legal defense shown, the learned court was right in directing a verdict for the plaintiff.

The other assignments are without merit and need no special notice. The Act of June 8, 1893, P. L. 345, confers jurisdiction on the Courts of Common Pleas to issue writs of mandamus to all corporations having their chief place of business within the county, or doing business or having their property in whole or in part within the county, and the appellant contends that the court below did not have authority to compel by mandamus the defendant to transfer the stock in question to the plaintiff. It is sufficient to say that the question was not raised by the defendant or Camp in their pleadings, nor was it considered or determined by the court below, and may, therefore, be considered as waived. It may be suggested, however, that the petition for the writ avers that the petitioner "Has no specific and adequate remedy at law," to which the return of the corporation made no reply. Camp was granted leave to and did intervene as a defendant under Section 9 of the Act of 1893, and was authorized, as permitted by the section, to conduct the subsequent proceedings at his own expense. He thereupon became a party defendant, and was in a position to raise the question in the court below whether or not the court could compel by mandamus the transfer of stock of a foreign corporation whose chief place of business was in the county in this State in which the writ was issued.

Judgment affirmed.