Jennings *v.* Philadelphia, Appellant, et al.

Argued October 18, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ,

*Aaron W. White*, with him *John J. K. Caskie*, Assistant City Solicitors, and *David J. Smyth*, City Solicitor, for appellant.

*Edwin J. McDermott*, and with him *William Charles Brown*, for Clara R. Jennings, appellee.

*Thomas J. Clary,* with him *Richard A. Smith* and *Louis Wagner,* for Fannie M. Love, appellee.

OPINION BY CUNNINGHAM, J., April 15, 1935:

In this action of trespass, Clara R. Jennings sought to recover damages from the City of Philadelphia for personal injuries sustained by reason of a defect in the sidewalk along the north side of Marwood Road at a point where the property numbered 519 and owned by Fannie M. Love adjoins the one numbered 521 and owned by Rufus H. and Jean G. Gilbert.

The city, in turn, issued a writ of scire facias, under the Act of April 10, 1929, P. L. 479, to bring Mrs. Love upon the record as an additional defendant, averring that she as the owner of No. 519 was liable over to it for any judgment recovered by the plaintiff. She filed an answer in which she admitted ownership but denied liability, because, as she asserted, the accident did not occur through any defect in the sidewalk in front of her premises. The city also issued a similar writ of scire facias to join the Gilberts as additional defendants, alleging therein that as the owners of No. 521 they were primarily responsible for the defect. No answer was filed to the Gilbert writ.

As a result of the trial of the three issues thus framed, the jury rendered a verdict of $1,500 for the plaintiff against the city, and a verdict for the city against the additional Gilbert defendants in the same amount, but returned a verdict in favor of Mrs. Love. Judgments were entered in favor of the plaintiff and of Mrs. Love upon their verdicts and the city thereupon brought these two appeals, alleging as error the refusal of the court below to grant its motions for judgment, n. o. v., or a new trial, in either of the issues decided against it.

One of the questions here involved arises out of

an alleged variance between the plaintiff's pleadings and her proofs at the trial. Each of the properties is 15 feet wide, and the sidewalk in front of each consists of three ordinary concrete blocks, each 5 feet square. The dividing line between the third and fourth blocks therefore coincided with the division line between the two properties. It is not disputed that at the date of the accident the sidewalk of No. 521 was, throughout its width, approximately two and a half inches below the sidewalk of No. 519. It is also undisputed that as plaintiff was walking westwardly from No. 521 to No. 519 she caught her foot in the obstruction caused by the difference in height of these two blocks of concrete and was thrown to the pavement. The pertinent averments in the amended statement of claim were that, notwithstanding the duty of the city to keep its sidewalks in a safe condition, "the defendant suffered and permitted a certain cement sidewalk in front of and a part of premises No. 519 Marwood Road aforesaid, to be constructed and to exist and remain for a long period of time prior to the 15th day of November, 1929, [the date of the accident] at a level or elevation considerably above the level of the sidewalk in front of and a part of premises No. 521 Marwood Road, which latter premises and sidewalk is next door to premises and sidewalk of No. 519 Marwood Road;" and "that, while thus lawfully walking as aforesaid and unaware of the existence of said defective condition of the sidewalk in front of and a part of premises No. 519 Marwood Road, the plaintiff was violently caused to trip, stumble and fall to the sidewalk of said Marwood Road by reason of the aforesaid defective condition of said pavement."

Plaintiff introduced testimony showing that the defective condition of the sidewalk had existed for about two years; that she did not know the condition of the

sidewalk; and that she tripped and fell about ten o'clock in the evening. On cross-examination, she explained that her toe had caught in a hole in the pavement underneath the elevation, thereby causing the accident. The city examined certain witnesses in an effort to establish that the street was well lighted and that plaintiff was not looking where she was going; in addition, it called an employee of the Bureau of Surveys to testify that the sidewalk in front of No. 519 had buckled. He admitted, however, that his conclusions were reached with the aid of a tape measure and that he did not use any leveling instrument.

No evidence was introduced by the Gilberts, as owners in possession of No. 521, in their own defense, but Mr. Gilbert was called by the city to corroborate the statement that the sidewalk at No. 519 had buckled. On the other hand, Mrs. Love, as the owner in possession of No. 519, called as a witness a paving contractor. He testified he was familiar with the regulations of the city in regard to the proper construction of sidewalks with respect both to their slope and to their height above the curb; that he had examined the two sidewalks with the aid of a spirit level and a level board and had taken careful measurements; and that the concrete slab in front of No. 519 was in exact conformity with the regulations, but the one in front of No. 521 was from two to two and a half inches below grade. The verdicts indicate that the jury accepted this testimony as accurate and convincing.

The contentions of the city, as we gather them, are in the alternative: First, it insists that the pleadings and the weight of the evidence establish that Mrs. Love was liable over for the damages, because it was shown that the defective condition was within the limits of her sidewalk. Secondly, it contends that if the defect was in the sidewalk of No. 521, the plaintiff cannot recover, because her statement of claim averred a defect in the sidewalk of No. 519.

Considering first the judgment in favor of Mrs. Love, the difficulty we find with the city's argument is that it does not have a sufficient basis. Even if the statement of claim did aver a defect in front of No. 519, the owner of that property could not be bound by such an averment; she had a right to come into court and establish that her sidewalk was in fact in good condition. Reduced to its simplest terms, the city's contention seems to be based upon plaintiff's statement that there was a hole underneath the sidewalk of No. 519, and that it was through catching her foot in this hole that she sustained her injuries. It is undoubtedly true that plaintiff made such a statement, but it is equally true that her mere averment did not fix liability upon Mrs. Love. The jury had ample evidence upon which to base a finding that the defect was due to the sinking of the sidewalk of No. 521 and not to the buckling of the sidewalk of No. 519; and therefore to reach the conclusion that it was the owner of No. 521 who was at fault. Naturally, as the photographs in evidence show, when the slab of No. 521 sank it caused a gap between it and the adjoining slab, with the result that the loose filling under the slab of No. 519 was readily affected by the weather and formed, in time, a depression or trap in which a pedestrian's foot could easily be caught. This trap, however, was not due to negligence on the part of the owner of No. 519. It was the natural result of the sinking of the sidewalk in front of No. 521, and could have been obviated only by the proper elevation of that sidewalk to a point where it would be flush with the one in front of No. 519. Therefore it is of no significance that the plaintiff's foot caught under the sidewalk of No. 519.

We need not discuss in detail that portion of the city's brief which deals with the matters considered as established against a property owner, under an

answer such as we have here, in an action over by the city to reimburse itself for the amount of an adverse judgment. In this case, all parties in interest were in court and all the issues were determined at the same time. The only fact conclusively established against Mrs. Love was her admission that she owned and occupied the property in question. This, however, did not prevent her from going on to prove that she, in fact, had not been guilty of negligence, and we find ample evidence upon this record to sustain the verdict of the jury to that effect.

This brings us to the consideration of the alleged variance between plaintiff's pleadings and proof. Here we think the city asks us to follow too stringent a rule. The amended statement of claim has been referred to above. As it was filed within two years from the happening of the accident, we need not trouble ourselves with any discrepancies between it and the original statement of claim. Plaintiff stated a good cause of action; she averred the duty of the city to keep its sidewalks in good condition, and its failure to perform that duty insofar as these two sidewalks had been permitted to remain at different levels. This statement of claim certainly gave the city notice that the action was based upon a defect existing at the junction between the sidewalks of Nos. 519 and 521, and afforded it ample opportunity to determine to its own satisfaction whether such a defect existed, and, if so, whether any property owners should be brought in. That the city amply protected itself is shown by the fact that the owners of both properties were brought in as additional defendants. Thus, whichever way the proofs went, it was assured of its right to claim a compensatory verdict as against either or both, if shown to be liable to the city.

The essence of the suit was that there was an irregularity in the pavement, which caused the injuries com-

plained of; and that this defect had existed for a sufficient length of time to amount to constructive notice of it and to afford reasonable opportunity to remedy it. The existence of the irregularity is conceded. Its duration was also amply proved. Whether one sidewalk was too low or the other too high was not a matter which the plaintiff was required to prove. That was a question between the city and the property owners. The city had notice from the statement of the defect and adequate opportunity to observe its condition and to decide for itself where to place the blame.

In our opinion, the learned trial judge, MILLAR, J., has fully justified his conclusions upon this branch of the case in the following excerpt from his opinion overruling the city's motions: "The questions raised by these motions will, we think, all be settled by the answer to one question, i. e.: Are the averments of the statement of claim broad enough to permit proof that the condition of either one or the other or of both pavements was the proximate cause of the injury? We think they are. Defendant was entitled to know what the cause of action was, not by reading a part of the statement but all of it. To aver that one pavement is higher than an adjoining pavement is equivalent to saying one is lower than the other. Defendant had notice that plaintiff was claiming one pavement was higher than the next one."

As all possible parties were brought into this proceeding, the case of Hanley et ux. v. Ryan et ux., 87 Pa. Superior Ct. 6, is not in point. In that case it was averred that the defective condition existed in front of one dwelling, whereas the evidence placed it in front of another. Plaintiff was permitted to amend his statement at a time more than two years after the accident, with the result that the defendant was no longer able to fix the liability of his tenant, the oc-

cupier of the second premises, by giving him notice of the suit. Here no such prejudice was created.

We, therefore, cannot say there was a fatal variance between the pleadings and the proof. The rules invoked by the city are intended to prevent prejudice to a defendant who, without their protection, would be unable either to meet the issue presented at the trial, or to place ultimate responsibility upon another. They are not to be enforced for immaterial variations when it is obvious that defendant has not been misled: See Phillips v. Erie County Electric Co., 249 Pa. 445, 94 A. 1070; Gail v. Philadelphia, 273 Pa. 275, 117 A. 69; McKane v. Philadelphia, 78 Pa. Superior Ct. 168; Schladensky v. Continental Life Insurance Co., 104 Pa. Superior Ct. 191, 159 A. 195.

The cases cited by the appellant do not require extended comment. In Fisher et ux. v. Philadelphia, 112 Pa. Superior Ct. 226, 170 A. 875, this court held that the city would not be prevented from recovering over against a property owner the damages awarded against it, for permitting a hole to remain in a pavement, because of its original contention that no hole had existed. In the present case the verdict established that no defect existed in the sidewalk of No. 519, and therefore that case has no application. Nor are such cases as Reddington v. Philadelphia, 253 Pa. 390, 98 A. 601, in which causal connection between the defect and the fall of the plaintiff was not shown, in point. There is no suggestion here that there was more than one defect, or that plaintiff did not trip over the one described in her statement.

The case was well tried; the evidence supports the findings of the jury; appellant had ample opportunity to contest every issue in which it was concerned and now has no just cause for complaint.

The judgments appealed from are severally affirmed.