Jerome et al., Appellants, *v.* Laurel Pipe Line Company.

Submitted November 17, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

Before MCKENNA, J.

*John W. Mamula, Abraham Fishkin,* and *Frank Reich,* for appellants.

*Robert A. Jarvis, Raymond W. Cromer,* and *Beck, McGinnis & Jarvis,* for appellee.

OPINION BY RHODES, P. J., January 16, 1962:

The court below refused plaintiffs' motion for new trial in a land condemnation case.

They allege that a new trial is necessary because of the inadequacy of the jury's verdict of $900, with interest, and because of four alleged trial errors.

Under its authority as a public service corporation, Laurel Pipe Line Company condemned a 30-foot right of way for the installation of an 18-inch oil pipe line extending about 466 feet through plaintiffs' land situate in Springdale Borough, Allegheny County. The piece of land, somewhat triangular in shape, adjoining Route 28, was vacant and used only for the erection of billboards. Springdale Borough had no zoning ordinance. The land was subject to prior right-of-way easements of Peoples Natural Gas Company, consisting of a 12-inch high pressure gas line, and New York State Natural Gas Corporation, which had installed two 20-inch high pressure gas lines therein.

An easement of the West Penn Power Company, dated February 27, 1945, across the southeasterly line of the property stipulated against the erection of any buildings thereon for a period of twenty years. A board of view had made an award to plaintiffs of $5,300 from which both parties took an appeal to the Court of Common Pleas of Allegheny County.

At the trial, plaintiffs' testimony as to value indicated damage between $24,910 and $32,000. Defendant's two real estate experts testified that the damage due to the easement imposed by the condemnation was $550 and $600, respectively. Following the jury's verdict of $900, with interest, the court below refused plaintiffs' motion for a new trial and directed entry of judgment on the verdict. Plaintiffs appealed.

The first two of the alleged errors committed by the trial judge were not raised in the court below by appellants in their motion for new trial, and consequently cannot properly be considered by this Court on appeal. *Craft Engineering Company, Inc., v. Messa,* 171 Pa. Superior Ct. 447, 453, 90 A. 2d 628. In any event we find these first two contentions of appellants to be without merit.

First. Carroll Suggs, an engineer in defendant's employ, called by appellants, was asked on cross-examination by defendant's counsel whether the present right of way included the right to install more than one 18-inch pipe line. The witness' reply was negative. Appellants' counsel objected and moved to strike the testimony as calling for a conclusion. The court overruled the objection and denied the motion, stating that it was obvious that the condemnation in this case included only the right to lay a single pipe line. The scope of cross-examination is largely within the discretion of the trial judge. *Weintraub Appeal,* 166 Pa. Superior Ct. 342, 347, 71 A. 2d 823. There was no error prejudicial or harmful to appellants in this respect.

Second. Appellants state that defendant's Exhibits G and H were improperly admitted in evidence and were not properly identified. These two exhibits were grants of rights of way over this same property by appellants to Peoples Natural Gas Company and New York State Natural Gas Corporation, respectively. The record shows that these two exhibits were ultimately admitted under a stipulation of counsel and became the joint exhibits of both parties. Clearly, no error can be based on the action of the trial judge in admitting these exhibits into evidence.

Third. The trial judge did not commit error in excluding the testimony of attorney R. D. Negley as an expert witness for appellants. Negley admitted that, although he made studies of properties in the neighborhood during 1955, 1956, and 1957, he was not familiar with appellants' property after June, 1957, the date of the taking here being May 12, 1958. Appellants did not object to the ruling of the court excluding the testimony of this witness. The trial judge carefully explained the reasons for his ruling on this point in his charge to the jury, and the appellants made no specific objection thereto. Negley's testimony would have been cumulative at most. Whether a witness is sufficiently qualified to testify as an expert is a question for the discretion of the trial judge whose ruling will not be reversed in this regard except in a case of clear error. *Stevenson v. East Deer Township,* 379 Pa. 103, 106, 108 A. 2d 815.

Fourth. Appellants contend that there was error in permitting defendant's expert witnesses, Harry E. Cotton and Robert A. MacDowell, to give their opinions as to the damage resulting from the condemnation. The somewhat oblique attack of the appellants on this point is that, if these two witnesses of defendant qualified as experts, appellants' witness Negley qualified also. Cotton and MacDowell both testified

to extensive background and experience in appraising properties of this type as real estate experts. Their testimony shows that both were thoroughly familiar with appellants' property before and after the condemnation in question. No error can be predicated upon the admission of this testimony.

Finally, appellants cite *Mazur v. Commonwealth*, 390 Pa. 148, 134 A. 2d 669, in urging a new trial on the ground of inadequacy of the verdict. In that case the lower court granted a new trial. The verdict of the jury was $4,053, and the award of the board of view was $10,000. The court there found that it was apparent that the verdict of the jury bore no rationally assignable relation to the testimony. There 2.4 acres were taken for the widening of a highway which bisected land which had been surveyed and laid out as building lots. The grading of the land was changed, the lots were inaccessible to the highway, and portions of the remainder were made swampy because of a change in drainage.

The instant case is not similar to the *Mazur* case on its facts. Here the land was already burdened with three similar easements. The land was vacant except for billboards. The fourth easement consisted of a pipe line six feet underneath the surface of the ground. The court below stated that the jury evidently accepted the testimony of the two expert witnesses for the defendant as being more credible than that of appellants' witnesses.

The one similarity between the instant case and the *Mazur* case is that, in each case, the verdict of the jury was substantially lower than the award of the viewers. However, that one fact is not conclusive in determining whether the verdict was inadequate. Each case must depend upon all the facts and circumstances, and, if the verdict is rationally assignable to the testimony in the case and supported by the evidence although

substantially lower than the award of the board of view, it will not be disturbed. *Harmony Realty Company v. Commonwealth,* 394 Pa. 65, 145 A. 2d 541; *Springer v. Allegheny County,* 401 Pa. 557, 165 A. 2d 383.

In the present case, the elements of damage were clearly presented to the jury, the case was free from trial error, and the court below, in the exercise of its discretion, properly refused a new trial on the basis of inadequacy of the verdict. Cf. *St. Clair Cemetery Association v. Commonwealth,* 390 Pa. 405, 136 A. 2d 85.

The judgment is affirmed.