Freer *v.* Parker, Appellant.

Argued April 24, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alfred Sarowitz,* for appellant.

*Richard J. Raab,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, July 2, 1963:
Leroy Parker, the defendant-appellant in this case, moved for a new trial in the court below on two

grounds: (1) that the verdict was against the weight of the evidence; (2) that there was a variance between the allegata and probata. He has since dropped his claim that the verdict was against the weight of the evidence and argues for a new trial on the second ground alone.

The plaintiff, Harry B. Freer, averred in his complaint that, as a result of the automobile collision, for which the defendant was responsible, he sustained various hurts, injuries and disablements, one of them being "loosening of teeth." At the trial the plaintiff's dentist testified that prior to the accident the plaintiff suffered from some loosening of teeth but that the violence of the collision, of which he was a victim, had further loosened his teeth, that they were "mobile," that "you could shake them with your fingers," and that he "splinted the teeth together to try to allow the bone to regenerate and tighten the teeth."

The defendant argues that there was thus demonstrated a variance between ellegata and probata and that this variance entitles him to a new trial. The reason why the probata is required by law to concur with the allegata is that otherwise the defendant in a lawsuit would not know what he might be confronted with at the trial and he thus could not properly prepare for it.* If, for instance, a plaintiff avers that his left arm was severed as a result of the litigated event and then stamps into court on a wooden leg, his arms intact, the defendant can well object because he has been caught by surprise. But if the plaintiff, as is the fact in this case, states in his complaint that as a result of the legal bone of contention his teeth were loosened and the lay as well as medical evidence addresses itself to teeth loosening, it is difficult to see how the defendant can reasonably argue that he was

---

* *Pa. R.R. Co. v. Pittsburgh*, 335 Pa. 449.

left in the dark as to what to expect at the trial of the cause.

The defendant maintains that the plaintiff should have averred in his complaint that the condition of his loose teeth was aggravated by the accident. But even if the plaintiff had so averred, the defendant would have known no more than what he was advised of in the complaint as filed, namely, that the plaintiff's teeth were loosened by the vehicular violence of which the defendant reputedly was the author. Even if the plaintiff already chewed on loose teeth prior to the accident but the teeth were made looser by the accident, what still happened was that his teeth were loosened. A loose tooth can always become looser. In fact, that is more or less the melancholy story of teeth.

A tooth first manifests the slightest variation from perpendicularity; then it leans a little more, but like the Leaning Tower of Pisa, it is still firmly imbedded in the terra firma of the jaw bone. One day, however, the tooth bearer will note, as he masticates a tough steak or bites into a bit of gravel in his oyster sandwich, that the tooth under surveillance wobbles a little more, but it is still useful and still resolute for further masticatory assaults on foods of a stronger constituency than mush. A person may have a number of teeth in that state; they may even resemble a slightly pushedover picket fence but they are still good teeth, still serviceable tusks. If, because of violence applied to the mandibles, the whole dental battery is jostled and the individual molars, bicuspids, grinders and incisors are shaken in their sockets, it is certainly proper to say that there has been a loosening of teeth. A further loosening, it is true, but still a loosening.

In whatever stage of looseness a man's dental pearls may be, he is entitled to keep them in that state, and if they are tortiously subjected to jostling, jarring and jouncing, the tortfeasor may not be excused from re-

sponsibility for the further chewing dilapidation of his victim on the basis that he had bad teeth anyway.

If a complaint avers that the plaintiff suffered a shortening of his left leg and it develops at the trial that the injured left leg was already, prior to the accident, 2 inches shorter than his normal right leg, he may not be denied compensation for the increased shortening from let us say, 2 inches to four inches because he did not specify in the complaint what was the length of his left leg prior to the accident. Once leg shortening is mentioned in the complaint, the defendant is put on notice what to expect in the way of evidence at the trial and it is expected that he will come to the trial at least armed with a tape measure.

The defendant here suffered no surprise, and was in no way deceived by the phraseology in the complaint. If he felt himself uninformed as to what the plaintiff intended to prove under the rather obvious heading of "loosening of teeth," he could have asked for a more specific complaint. If he still remained perplexed, there was available to him a pre-trial discovery which would have permitted him to count and examine every tooth in the plaintiff's head and ascertain its stability, mobility and state of general welfare.

The appellant cites *Littman v. Bell Telephone Co.*, 315 Pa. 370, as authority for a new trial on the basis of the allegata-probata clash. The situation in that case was wholly different. There, the court charged the jury that the plaintiff could recover for the aggravation of a pre-existing arthritis, of which there was not the slightest intimation in the statement of claim. There the defendant could not prepare for claims of arthritis because he had no way of knowing that the plaintiff ever had or had acquired arthritic decrepitude. Here, the defendant could not possibly plead ignorance to knowledge of the plaintiff's "loosening of teeth." If a man's teeth are 10 per cent loose before an accident

and 60 per cent loose after an accident, "loosening of teeth" accurately describes the deplorable dental deterioration, and adequately acquaints the defendant with what he must face at the trial in the way of claimed damages.

In *Gibson v. Stainless Steel Sales Corp.*, 166 Pa. Superior Ct. 300, 305, the Superior Court stated: " 'If the proof corresponds to the substance of the allegation, a variance is not established; in determining this question the entire pleadings and evidence must be considered and if the latter substantially proves the former, a variance does not exist.' "

That standard was certainly met in the case at bar. It was "loosening of teeth" all the way through.

Judgment affirmed.