## Carvella v. Handy Andy Food Mart

Cyril T. Garvey and Gilbert D. Levine, for plaintiff.

Marvin A. Luxenberg, Albert E. Acker and Thomas A. Shumaker, for defendants.

LYON, J., February 29, 1968.—Defendants' preliminary objections to the complaint request more specific pleading concerning the factual circumstances of the accident giving rise to this trespass action.

The complaint alleges that on January 30, 1966, at or about 10:15 p. m. plaintiff fell on the sidewalk-driveway of the premises owned by defendants, Emil Gasperoni and Ellen Gasperoni, and leased to defendants, Andrew Russell and David Clark, individually, and as copartners trading as Handy Andy Food Mart; that the fall was caused solely by the condition of the sidewalk, which was then covered with ice and snow

and in such a condition as to cause a substantial obstruction to pedestrian travel; and that the negligence of defendants consisted of this failure to keep the sidewalk-driveway area safe for pedestrian use and travel.

This complaint, according to the preliminary objections, is too indefinite and generic in three specific respects: (1) it fails to state with reasonable particularity where plaintiff fell on the sidewalk-driveway area of the premises; (2) it fails to inform defendants relative to the physical characteristics of the alleged obstruction of snow and ice in that it does not indicate the height, depth or dimensions thereof; and (3) it fails to indicate what length of time the alleged obstruction existed on the sidewalk-driveway area.

The fact system of pleading is prescribed by the Pennsylvania Rules of Civil Procedure. The pleading of material facts in a concise and summary form is required by Pa. R. C. P. 1019 (a). The rule is directory in the sense that it requires merely the pleading of the ultimate facts which are essential to the cause of action: United Refrigerator Company v. Applebaum, 410 Pa. 210, 189 A. 2d 253 (1963); 1 Goodrich-Amram 151 §1019(a)-2. But factual conclusions must not be pleaded, and, if pleaded, will be disregarded: Herman v. Stern, 419 Pa. 272, 213 A. 2d 594 (1965).

What constitutes pleading ultimate facts or mere factual conclusions is often difficult to determine: Amram's Common Pleas Practice, (6 ed.), p. 41. Much depends upon the attendant factual circumstances of the individual case. The ultimate test and controlling consideration is whether the complaint adequately informs the adverse party of the issues which he must be prepared to meet so that he may properly prepare his defense for trial: George v. George, 318 Pa. 203, 178 Atl. 25 (1935); Hall v. Mednitsky, 51 Luz. 55

(1960). The whole complaint must be considered in making this determination: Whitehead v. Szendroi, 74 York 129 (1960) ; Dyer v. Kopf, 31 Northumb. 125 (1959).

Through application of the foregoing legal principles to the complaint in the present case, it is apparent that insufficient factual information is provided. It is judicially noted that the Handy Andy Food Mart composes a substantial part of a small shopping complex, and that there exists in front of the food mart two sidewalks and a parking area of approximately 10,000 square feet. If plaintiff were to be allowed the latitude of proving at trial defendants' negligence at any point in the area, it would cast upon defendants the unreasonable burden of preparing to rebut evidence of negligence at any place in front of the food mart. Such latitude of permissible proof is of no advantage to a plaintiff with a bona fide case, and there exists no apparent reason why the place of the accident should not be identified in the complaint with reasonable exactness. This is provided for in Pa. R. C. P. 1019(f), which requires the place of an accident to be specifically pleaded. The rule is uniformly followed in recent cases dealing with the subject. In Pastor v. Zipay, 3 Mercer 332 (1959), it was held that an averment that an accident happened south of an intersection is inadequate. See also Studebaker Sales Company v. Conestoga Traction Company, 13 D. & C. 235 (1929) ; Hoffman v. Pottsville, 77 York 184 (1963) ; Burka v. Seiler, 29 Northumb. 206 (1957).

Also, the legal responsibility of the respective defendants in the present case may well depend upon the exact location of the accident. Defendants, Emil and Ellen Gasperoni, are sued as lessors and owners of the entire shopping complex located on the southeast corner of Highland and Wallace Avenues in the city of New Castle. Defendants, Russell and Clark, are

sued only as tenants of Handy Andy Food Mart. It is, therefore, apparent that the liability of all defendants for accidents occurring in front of the food mart is not coextensive.

As a general rule, a more specific complaint will not be required where the details requested would be evidentiary or where the facts are equally within the knowledge of plaintiff and defendant: Zula v. Zula, 55 Schuy. 12 (1959). Nevertheless, the complaint should state a case with sufficient factual clarity that if not denied it would support a default judgment: Douglass v. Melcher, 39 Del. Co. 280 (1952).

Also, the complaint must plead sufficient facts to enable the defendant to know upon which of several possible theories the action has been brought: Hardy v. Shire, 46 Westmoreland 227 (1964); Hendleman v. Hayman, 11 Bucks 228 (1961). In this respect, the present complaint is wholly inadequate. It is impossible to determine whether the theory of liability is founded upon the negligent creation of the obstruction of ice and snow by defendants, their agents or employes, or is predicated upon their failure to make the sidewalk-driveway area safe for pedestrian traffic after they knew or should have known of the danger from the said obstruction. Where it is plain that plaintiff was injured because of the natural accumulation of ice and snow, sufficient facts should be pleaded to show that defendants knew or should have known of the defect (Luzi v. Davis, 36 Northhamp. 205 (1961)), and that the natural accumulation of ice and snow resulted in ridges or elevations of such size and character as to obstruct travel unreasonably and constitute a danger to pedestrians traveling thereon: Rinaldi v. Levine, 406 Pa. 74, 176 A. 2d 623 (1962). However, the pleadings concerning the height, depth and dimensions of the obstruction need not be made with precise particularity: Smith v. Allegheny

County, 397 Pa. 404, 155 A. 2d 615 (1959). Where in a motion for a more specific pleading it is unclear whether what is sought is ultimate fact or evidentiary fact, the parties should be remanded to discovery proceedings: Miller-Gyekis, Inc. v. Friedlander, 46 Westmoreland 101 (1964); Moore v. Petroleum Heat & Power Co., C. P. No. 6, Phila. County, June term, 1955, no. 3893 (1956).

Plaintiff's sole contention in opposition to defendants' motion for more specific pleadings is that depositions or interrogatories of plaintiff have already fully provided defendants with the information that is sought in the motion. Therefore, it is argued, the question of whether defendants are entitled to the factual information requested in the motion is now moot, and for this reason the motion must be dismissed.

The argument for dismissal fails to recognize that Rules of Civil Procedure are drawn on the theory that the issues are to be formed by the pleadings and discovery process is merely an auxiliary aid to counsel: Molder v. Xillas, 22 Beaver 74 (1960). It also fails to take into consideration the legal effect given to pleadings during the course of trial by the rule that the probata must concur with the allegata: Freer v. Parker, 411 Pa. 346, 192 A. 2d 348 (1963). Neither allegations without proof nor proof without allegations, nor allegations and proof which do not substantially correspond, will entitle the plaintiff to relief unless the defect be remedied by amendment: Kirshon v. Friedman, 349 Pa. 171, 36 A. 2d 647 (1944). The wrong proved must be the wrong properly alleged, not merely another wrong in the same legal category: Aland v. P-G Pub. Company, 337 Pa. 259, 10 A. 2d 5 (1940).

### ORDER OF COURT

And now, February 27, 1968, the preliminary objections in the nature of a motion for more specific

pleadings made by defendants, Russell and Clark, are hereby sustained. Plaintiff shall have the right to file an amended complaint in accord with this opinion on or before March 20, 1968.

Exception sealed for plaintiff.