Graham *v.* Jonnel Enterprises, Inc. et al.,
Appellants.

Argued May 26, 1969. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Aaron Rosenzweig,* with him *Samuel M. Rosenzweig,* and *Rosenzweig & Rosenzweig,* for appellants.

*H. Ray Pope, Jr.,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1969:

Appellants, Jonnel Enterprises, Inc., (Jonnel) and Arenze, Inc., are the general contractor and owner

of the real estate, respectively, which were involved in the construction of a dormitory to house students of Clarion State College. Both corporations are controlled by Elmer Jonnett, who was their agent. Appellees, John F. Graham and Roy C. Long, are electrical contractors.

On May 6, 1966, appellees and Jonnel entered into a written agreement by which appellees, in return for $70,544.66 were to perform electrical work and supply materials for the dormitory at Clarion State. According to appellees, they were under the impression that the May 6 agreement obligated them to perform the electrical work on only one building or only one wing of a building, and they had no knowledge of any second wing. They discovered the second wing only after three or four days' work, and informed Elmer Jonnett at that time that they would not wire both wings for $70,544.66. They further testified that a new contract was agreed upon orally, and prepared. Under the new contract, appellees were to wire both wings and were to be paid only $65,000, but they were relieved of the obligation to supply entrances and a heating system. Appellees testified that Jonnett approved the prepared contract and stated that he would take it to Pittsburgh and have it signed. It was never signed.

Acting on Jonnett's alleged agreement with regard to the second contract, appellees resumed work. Payment was to be made in eight 90% progress payments. Seven were made in accordance with the terms of the second contract, but appellants failed to pay the last 90% progress payment. Appellees then brought suit for the last 90% progress payment, the 10% retained by appellants, and some extra work allegedly agreed to by appellants, the entire amount sought totalling $15,629.88. Appellants in their answer averred that the written contract of May 6 was operative and that

appellees had breached it causing them damages of more than $20,000.00. Further, appellants counter-claimed for an amount "in excess of $10,000.00."

The jury returned a verdict in favor of appellees in the amount they sought, $15,629.88.

On this appeal, appellants raise two issues. First, they contend that they are entitled to a new trial because the proof did not correspond to the allegations of the pleading. The complaint alleged that the parties "Orally agreed to amend the executed contract." While appellees proceeded on this theory at trial, they also proceeded upon a theory that the written contract was invalid as the result of fraud or misrepresentation on appellants' part. Despite appellants' objection, the court below permitted this line of inquiry, and charged the jury on it. From the verdict, it is impossible to determine whether the jury found an invalid written contract and a subsequent oral contract, or a valid written contract with a subsequent oral amendment. Appellants argue that they were prejudiced, if the jury found the former, because a jury may find an oral contract on a mere preponderance of the evidence, whereas to find an oral amendment to a written contract, evidence that is clear, precise, and convincing is necessary. *Pellegrene v. Luther,* 403 Pa. 212, 215, 169 A. 2d 298 (1961).

We need not consider the merits of appellants' contention for it is apparent that they have waived it by failing to raise it in the new trial motion. *Lewis v. U. S. Rubber Co.,* 414 Pa. 626, 632, 202 A. 2d 20 (1964) and cases cited therein; *Jerome v. Laurel Pipe Line Co.,* 197 Pa. Superior Ct. 131, 177 A. 2d 150 (1962); 4 C.J.S. Appeal & Error §352(a), n.31. Particularly in this area of alleged variance between allegata and probata, where we have indicated that we will not hold plaintiffs to precise mathematical correspondence but will merely require such correspondence

between pleading and proof as to avoid prejudice, *Freer v. Parker,* 411 Pa. 346, 350, 192 A. 2d 348 (1963), it is vital that the trial judge, who has observed the course of the trial, be permitted to pass upon the prejudice resulting from the alleged error. Having failed to present this issue to the court below in their new trial motion, appellants waived it.

Appellants' main contention on this appeal is that the jury was improperly permitted to find an amendment to the written contract, because no consideration could have existed for such an amendment. Reliance is placed on our recent decision in *Nicolella v. Palmer,* 432 Pa. 502, 248 A. 2d 20 (1968), in which we discussed an alleged oral amendment calling for additional compensation to the plaintiff: "The only possible consideration would be appellant's agreement to proceed with the work. Yet appellant was already obligated to do so. The general rule is stated in 17 C.J.S. Contracts, §112(a) : 'The promise of a person to carry out a subsisting contract with the promisee or the performance of such contractual duty is clearly no consideration, as he is doing no more than he was already obliged to do, and hence has sustained no detriment, nor has the other party to the contract obtained any benefit. Thus, a promise to pay additional compensation for the performance by the promisee of a contract which the promisee is already under obligation to the promisor to perform is without consideration, and this rule has been applied to construction contracts.' "

However, that case is clearly distinguishable from the instant one. Without even passing on the various possible sources of consideration cited by the court below, such as the compromise of a disputed claim, we note that the amendment here called for appellees to receive *less* money than they would have received under the written contract. Appellants respond that

appellees would receive only about $5,000.00 less while performing about $26,000.00 less work. Yet the function of a court is merely to determine whether consideration existed, not to examine into the adequacy of that consideration. *Thomas v. Thomas Flex. Coupling Co.*, 353 Pa. 591, 46 A. 2d 212 (1946). Appellees suffered a detriment in contracting for some $5,000.00 less under the amendment, and thus consideration surely existed.

The judgment is affirmed.

Mr. Justice ROBERTS and Mr. Justice POMEROY concur in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.