## Heckathorne v. Lutton

*Gordon C. Post, Jr.,* for plaintiffs.
*Sherman K. Levine,* for defendants.

LYON, J., March 12, 1973.—Before the court for determination are defendant's post-trial motions for a new trial and judgment n.o.v.

In disposing of a motion for judgment n.o.v. the evidence, together with all reasonable inferences therefrom, must be considered in the light most favorable to the verdict winner: Collins v. Hand, 431 Pa. 378, 246 A. 2d 398 (1968); Connolly v. Philadelphia Transportation Co., 420 Pa. 280, 216 A. 2d 60 (1966); Schwegel v. Goldberg, 209 Pa. Superior Ct. 280, 228 A. 2d 405 (1967).

The accident giving rise to this lawsuit occurred at approximately four o'clock on the afternoon of August 27, 1969, upon a 15-foot wide, asphalt surfaced road in Slippery Rock Township, Lawrence County, Pa., which is known in the locality as Copper Road. The berms on either side of the road were approximately one foot in width, and the maximum legal rate of travel upon that road was 55 miles per hour: Act of April 29, 1959, P. L. 58, sec. 1002 (b) (6), 75 PS §1002 (b) (6). All of the parties to this lawsuit had full knowledge prior to the accident of the topography of the roadway as well as the other relevant physical conditions of the locality.

Upon concluding a visit to the home of a friend located along Copper Road, plaintiff, who was wearing a protective motorcycle helmet, operated his motorcycle from the friend's residence onto Copper Road and then proceeded in a southerly direction. The motorcycle was traveling at approximately 40 miles per hour when plaintiff reached the brow of the hill, approximately 150 feet south of his friend's residence, where for the first time he observed defendant's vehicle located about 70 feet to the south and substantially blocking his western half of the roadway. Although he immediately braked the motorcycle, causing a 38-foot skid mark upon the road, it could not be stopped before crashing into defendant's automobile at a point located at about the center of the front bumper. At all times prior to the collision, plaintiff was on his own proper side of the highway. The impact caused him to be thrown over the top of the automobile and his motorcycle to be wedged somehow against the front of that vehicle. The automobile had not been moved when Trooper Fulton arrived some 20 minutes later and observed that 90 percent of the automobile protruded upon the roadway even though the two wheels on the passenger side were then resting upon the berm. The debris from the accident was lying wholly upon the surface of the road in front of defendant's vehicle. Because of the topography of the roadway, it would have been impossible for either party to the accident to have seen the other before plaintiff arrived at the top of the hill.

Defendant moved for a compulsory nonsuit at the conclusion of plaintiff's case in chief, asserting as a reason the existence of a fatal variance between the pleadings and proof. Defendant asserts that her motion for judgment n.o.v. must be granted because the court at the time of trial erroneously refused the

compulsory nonsuit, as well as a subsequent motion for binding instructions bottomed upon the same reason. We disagree.

The allegation of the complaint asserting defendant drove the automobile on the wrong side of the highway was sufficiently proved in plaintiff's case in chief when he testified that immediately before the accident defendant's automobile appeared to be moving northwards on the west side of the road. Plaintiff persisted in this assertion on cross-examination, but finally conceded it was possible the automobile was not moving at the time he observed it. That concession of plaintiff merely affected the weight of his former, contrary testimony.

Plaintiff was never expressly confronted with this alleged inconsistency so as to be made clearly aware of it, and, therefore, the rule of Stewart v. Ray, 366 Pa. 134, 76 A. 2d 628 (1950), that where a witness is confronted with a contradiction in his testimony his final statement controls, has no application in this case: Girard Trust Corn Exchange Bank v. Philadelphia Transportation Company, 410 Pa. 530, 190 A. 2d 293 (1963); Gardner v. Maley, 207 Pa. Superior Ct. 109, 215 A. 2d 285 (1965). The applicable rule is stated in Stevenson v. Pennsylvania Sports & Enterprises, Inc., 372 Pa. 157, 93 A. 2d 236 (1952), where the Supreme Court on page 162 said: "Where in one part of a plaintiff's testimony he is entitled to have his case submitted to the jury, and in another he is not, it is for the jury to reconcile the conflicting statements: Greene v. Philadelphia, 279 Pa. 389, 124 A. 134." In accord, Gillingham v. Patz, 429 Pa. 308, 239 A. 2d 287 (1968); Green v. Prise, 404 Pa. 71, 170 A. 2d 318 (1961).

Plaintiff called defendant during his own case in chief and she testified that her automobile was parked at the time of the accident. It is well established that

where a litigant calls his adversary as for cross-examination pursuant to the Act of May 23, 1887, P. L. 158, sec. 7, 28 PS §381, the testimony thus obtained is conclusively taken to be true if not rebutted by other evidence; but it may always be contradicted by other evidence, in which event all the testimony and the truth thereof is for the jury's consideration: Piwoz v. Iannacone, 406 Pa. 588, 178 A. 2d 707 (1962); Rogan Estate, 404 Pa. 205, 171 A. 2d 177 (1961); Morgan v. Phillips, 385 Pa. 9, 122 A. 2d 73 (1956). Here, plaintiff's testimony stating that the automobile was moving is sufficient to rebut defendant's testimony that it was parked. Since we have held that plaintiff's case may not fail as a matter of law because of inconsistencies in his own testimony, it must logically follow that it would not crumble because of contradictions by defendant's testimony. Cf. Green v. Prise, supra.

Furthermore, even if we were to assume that plaintiff's evidence was insufficient to prove that defendant's vehicle was moving at the time of the accident, there was no fatal variance between the pleadings and proof. The Pennsylvania appellate courts have repeatedly held that the speed of a vehicle is not the proximate or contributing cause of an accident where it results by reason of one party being on the wrong side of the road: Wilson Freight Forwarding Co., Inc. v. Seal, 367 Pa. 18, 79 A. 2d 648 (1951); Collichio v. Williams, 311 Pa. 553, 166 Atl. 857 (1933); Bloom v. Bailey, 292 Pa. 348, 141 Atl. 150 (1928); Flanigan v. McLean, 267 Pa. 553, 110 Atl. 370 (1920); Stubbs v. Edwards, 260 Pa. 75, 103 Atl. 511 (1918). Hence, the liability of defendant is not dependent upon whether the automobile was moving or parked at the time of the accident. That issue is not material to the cause of the accident alleged in the complaint because in the instant case the accident was proximately caused by the automobile

being on the wrong side of the road by reason of defendant's negligence: Perciavelle v. Smith, 434 Pa. 86, 252 A. 2d 702 (1969); Slawson v. C. A. B. Y. Transportation Company, 425 Pa. 489, 229 A. 2d 888 (1967). One who avers more than he can prove is not on that account to be defeated, provided he can prove enough to show himself entitled to recover: Stegmaier v. Keystone Coal Company, 225 Pa. 221, 74 Atl. 58 (1909); Commonwealth ex rel. Citizens National Bank v. Camp, 258 Pa. 548, 102 Atl. 205 (1917); Nelson v. Damus Bros. Co., 340 Pa. 49, 16 Atl. 2d 18 (1940). The rule which requires proof in support of the allegations of a party's pleadings is confined to proof of allegations material to a cause of action alleged in the complaint.

Finally, in this area of alleged variance between allegata and probata, the correspondence need not be too precise (Smith v. The Lehigh Valley Railroad Company, 232 Pa. 456, 81 Atl. 554 (1911)), but there must be such correspondence between the pleading and proof as to avoid prejudice to the opposing party: Graham v. Jonnel Enterprises Inc., 435 Pa. 396, 257 A. 2d 256 (1969); Freer v. Parker, 411 Pa. 346, 350, 192 A. 2d 348 (1963). The rule against variance is intended for the protection of the opposing party who might be otherwise unable to meet the issues raised at a trial, and does not apply when it is obvious that he will not be misled. A variance, which does not affect the trial on the merits, sets up a different cause of action, or imposes a different burden than disclosed by the pleadings, will be disregarded: Osborne v. Victor Dairies, Inc., 138 Pa. Superior Ct. 117, 10 A. 2d 129 (1939); Jennings v. Philadelphia, 117 Pa. Superior Ct. 462, 178 Atl. 305 (1935). The test is whether the opposite party may be misled: Higgins Lumber Company v. Marucca, 159 Pa. Superior Ct. 405, 48 A. 2d 48 (1946). Defendant in the instant case does not, and cannot, claim to have

been misled or otherwise prejudiced by the evidence showing that the automobile was parked at the time of the accident, for that evidence came wholly from the mouth of defendant. She will not be heard to complain of a variance which resulted only by reason of her own testimony.

Defendant next contends that as a matter of law she was not negligent when she stopped her vehicle momentarily upon Copper Road for the purpose of giving her son time to deliver a newspaper to a customer and to buy some corn from him. We disagree. At the trial, the court refused to give defendant's second request for charge dealing specifically with that issue since the subject was already adequately covered in proper prospective in the general charge of the court. That the issue was adequately covered in the general charge appears from the record beginning on page 193:

"Now, the plaintiff claims that the defendant is negligent even if you find that she stopped on the highway, as she contends. Plaintiff contends that she violated Section 1020 of the Vehicle Code which concerns stopping on the highway, and I'll read that section to you as follows: 'No person shall park or leave standing any vehicle or tractor, whether attended or unattended, upon the paved or improved or main traveled portions of any highway outside of a business or residence district when it is practicable to park or leave such vehicle or tractor standing off the paved or improved or main traveled portion of such highway.' This section has been interpreted by the Court so as not to forbid stopping on the highway for the purpose, say, of a temporary stop for the purpose of unloading a passenger or loading a passenger, and it is not intended to prohibit momentary stopping of a vehicle or temporary obstruction of a highway if for a proper

purpose and under proper circumstances. The section goes on to provide, however, that in no event shall any person park or leave standing any vehicle or tractor, whether attended or unattended, upon any highway unless a clear and unobstructed width remains upon the main traveled portion of said highway opposite said standing vehicle or tractor shall be left for free passage of other vehicles or tractors thereon, or unless a clear view of such vehicle or tractor may be obtained from a distance of five hundred feet in each direction upon such highway. It is the plaintiff's contention that she was improperly parked there, since there were— since the place where she parked—since at the place she parked there was not a five hundred foot view in either direction, and plaintiff points to the testimony of the defendant that the crest of the hill was only seventy feet away and, also, the testimony of the officer that it was seventy-two feet, I believe, and his own testimony that when he was at the crest of the hill, it was only forty feet away. And if you find that the defendant parked her car under such circumstances that there was not a clear view for five hundred feet, then you have a right to find that she was negligent, in that she violated that section of the statute, and negligence in violating that section of the statute may be actionable if it is a proximate cause of any injury to the plaintiff."

The foregoing portion of the charge also included the substance of defendant's ninth point for charge and properly left for the jury's discretion the question of whether, under all the circumstances, defendant was negligent in parking the vehicle for the purpose of allowing her son to deliver a newspaper to a customer and to see if he had any corn for sale. The record shows that the boy went to the porch, knocked on the door and waited, but that he got no answer and there-

upon left the newspaper. The accident occurred while he was returning to the automobile. In the light of this evidence, it was proper for the court to refuse the entire ninth point for charge which, in part, states: "the defendant stopped her car for the purpose of letting her boy out to deliver papers; this was a reasonable purpose under proper circumstances." The requested charge plainly contained an incomplete statement of the facts and whether the purpose for stopping the vehicle was reasonable or the circumstances proper were matters for resolution by the jury in the light of the oral evidence that defendant's vehicle was parked where it was not visible for 500 feet northwards. The jury would, therefore, have been warranted in finding that the parking of the automobile under these circumstances constituted negligence and that defendant's conduct in this respect was the proximate cause of plaintiff's injuries. These circumstances factually distinguish the instant case from Fritz v. York Motor Express Company, 358 Pa. 398, 58 A. 2d 12 (1948), cited as authority for defendant's ninth point for charge.

Defendant lastly points to the uncontradicted, oral evidence showing sufficient, unobstructed space upon the roadway for plaintiff to have passed safely to the left of defendant's vehicle, and upon this assumption she asserts that plaintiff was guilty of contributory negligence as a matter of law in failing to pass to the left of the automobile. We disagree.

When traveling 40 miles per hour at the crest of the hill plaintiff was proceeding at a speed of 59 feet per second. He must, therefore, have traversed the 70 foot distance between defendant's automobile and the crest of the hill in slightly more than one second. In addition, the presence of defendant's automobile, which obstructed a substantial portion of the west lane of the road, created a sudden and clear emergency

which plaintiff could not reasonably have been expected to foresee. Therefore, his duty was to exercise only the care that a prudent person would exercise in the same situation. Whether plaintiff acted reasonably in this emergency in attempting to avoid the accident by applying the brakes of the motorcycle instead of by attempting to drive to the left of defendant's automobile was a question upon which the minds of reasonable men could differ. The question of contributory negligence is ordinarily for the jury to decide unless so clearly established by the evidence that fair and reasonable minds cannot differ as to its existence: Griffith v. Clearfield Truck Rentals, Inc., 427 Pa. 30, 233 A. 2d 896 (1967).

Moreover, the court's charge to the jury concerning plaintiff's duty under the assured clear distance rule was more favorable than defendant deserved. A limiting factor to this rule has always been that where a sudden and clear emergency arises, unforseeable to a plaintiff and of such severity as to put a driver in instantaneous disability, a court may not charge the jury as to the assured clear distance rule: Reifel v. Hershey Estates, 222 Pa. Superior Ct. 212, 295 A. 2d 138 (1972); McElroy v. Rozzi, 194 Pa. Superior Ct. 184, 166 A. 2d 331 (1960).

In the light of the foregoing discussion and citations of authority, it is plain that neither a new trial nor a judgment n.o.v. is warranted. We have carefully reviewed and discussed in this opinion each of the contentions asserted in defendant's brief and found them all to be without merit. We have reviewed, in addition, the merits of the other reasons assigned as grounds for the requested relief in defendant's post trial motions and find them equally to be without merit. The case was fairly submitted to the jury which was warranted in finding a verdict for plaintiff in view

of the overwhelming evidence of defendant's negligence.

### ORDER OF COURT

Now, March 12, 1973, it is ordered, adjudged and decreed that defendant's post-trial motion for a new trial and judgment n.o.v. be and herewith are dismissed.