## Mazur *v.* Commonwealth, Appellant.

Argued April 16, 1957. Before JONES, C. J., CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

*John E. Lavelle,* with him *Joseph M. Donnelly,* Deputy Attorney General, *John R. Rezzolla, Jr.,* Chief Counsel, Department of Highways, for appellant.

*John W. Schmitthenner,* with him *Paris J. De-Santis,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September 30, 1957:

This appeal is from an order granting a new trial in an action to determine the damages due the plaintiff

husband and wife for the Commonwealth's appropriation of a portion of their land for highway purposes in an exercise of the condemnor's power of eminent domain. A board of view awarded the plaintiffs $10,000 which the Commonwealth appealed to the court of common pleas. The issue was there tried to a jury, which returned a verdict for the plaintiffs in the sum of $4,053. On the plaintiffs' motion, the court granted a new trial on the ground that the verdict was inadequate. From that order, the Commonwealth has appealed.

At the time of the relocation and construction of the new highway the plaintiffs' tract, containing approximately 96 acres, was bisected by a then existing highway with which a large portion of the property was level, a situation which admitted of driving directly to and from the highway and the property. Prior to the relocation, the portion of the land abutting on the highway had been surveyed and laid out as building lots. After the relocation and improvement, the plaintiffs' property was no longer level with the highway and the area laid out in building lots was inaccessible to the highway because of the changes in grade, which also affected the drainage and caused surface water from the highway to run upon portions of the plaintiffs' land making it swampy and rendering it useless for any purpose. In the construction of the new highway the Commonwealth actually took 1.9 acres of the plaintiffs' land for the widening and relocation and an additional .5 acre for the slopes of the cuts and fills.

As so frequently happens in cases of this nature, there was a wide disparity in the opinion evidence adduced by the respective parties as to the damages due to the taking. The husband plaintiff gave $15,000 as his opinion of the damages and an expert witness

called by him and his wife placed the damages at $11,-750. On the other hand, the Commonwealth's sole expert witness testified that the damages were $2,500.

The appellant appears to conceive that, since the jury's determination of the damages was for an amount between the estimates as testified to by the witnesses for the respective sides, the verdict was the product of conflicting testimony and could not, therefore, be interfered with by the trial court. The cases which the appellant cites in this connection do not lend support to the proposition which is a novel one to say the least.

Appellant further contends that a court cannot grant a new trial *alone* on the ground that the verdict is inadequate. This contention is equally novel. The appellant's quotation from *Crumrine v. Washington County Housing Authority,* 376 Pa. 234, 239, 101 A. 2d 676, which in turn was quoted from *Beal v. Reading Company,* 370 Pa. 45, 49, 87 A. 2d 214, merely confirms that the trial court must give reasons for setting aside a jury's verdict in a case such as the present and that mere conclusions such as "interests of justice" are insufficient.

In the instant case, the court did give valid reasons for deeming the jury's verdict to be not truly reflective of the amount of the damages. It pointed out the wide disparity in the damages fixed by the various witnesses from which it is apparent that the jury's verdict bore no rationally assignable relation to any of the testimony. The court also noted the very wide disparity between the jury's verdict and the amount of damages awarded by the board of viewers, saying, in this connection, that, "While the amount as found by the Board of View is not binding in any sense upon the Court, nor is it relevant testimony in the trial of the case upon an appeal from the action of the Board of View, yet it is a fair indication of the amount of

damages suffered by the land owners and on a motion for a new trial should be considered where the new trial is urged upon the grounds that the verdict of the jury was inadequate as in the case at bar." The reasoning is, of course, sound. In the *Crumrine* case, supra, where it was claimed that the jury's verdict was excessive, Mr. Justice ARNOLD, after noting that ". . . the verdict is practically the same as a viewers' award", recognized for this court that "That is a circumstance tending to show the verdict is not excessive." Logically, its evidential value must work both ways.

A further reason for setting aside the verdict is to be found in the rationale of the court's rejection of the Commonwealth's argument that $4,053 was ample damages for 2½ acres of unimproved farm land. The contention is but an expression of the fallacy which permeates the Commonwealth's attitude to the question involved. The court below adequately answered the mistaken idea when it said, ". . . this is not the test applied by rule of law when the State appropriates property of a land owner. The proper measure of damages is well established. The owner of the land is entitled to receive as damages the difference between the value of the land immediately before the taking and the value of the land immediately after the taking, as affected by the taking, taking into consideration all of the uses to which the land might reasonably be put."

Order affirmed.