## Wright v. Rickman

*Robert E. Gabriel*, for plaintiffs.

*Walter R. Milbourne*, for defendant.

BURCH, J., January 17, 1962.—This is an appeal by defendant, Percy Rickman, from an order granting plaintiffs' motion for a new trial.

The case arises out of an automobile collision between an automobile operated by William H. Wright,

and an automobile operated by defendant, Percy Rickman. William H. Wright's wife and his three minor children were passengers in his car. Suit was instituted on behalf of all the Wrights against Rickman and Eastern Overall Cleaning Company.

The collision occurred at 19th Street and Sedgley Avenue, Philadelphia. The Wright vehicle was being operated north on 19th Street and the Rickman vehicle was proceeding west on Sedgley Avenue. The complaint against Eastern Overall Cleaning Company was based on an allegation that a vehicle owned by said company was parked illegally at the southeast corner of 19th Street and Sedgley Avenue, thus obstructing the view of the husband-plaintiff as to oncoming traffic.

The claim of William H. Wright as plaintiff was severed from the claims of the other plaintiffs and he was joined as an additional defendant. By stipulation of the parties, a suit instituted by Percy Rickman and Emma Rickman, his wife, was consolidated for trial with the action instituted by the Wrights.

The case came to trial before us on April 17, 1961. At the conclusion of presentation of evidence we entered a directed verdict in favor of defendant, Eastern Overall Cleaning Company. In the suit in which the Wrights were plaintiffs, the jury returned a verdict in favor of defendants, Percy Rickman and William H. Wright. In the case of Rickman v. Wright, the jury disagreed and was discharged.

Plaintiffs filed a motion for a new trial complaining that the court erred in not permitting counsel for plaintiffs to plead surprise in order to cross-examine plaintiffs' witness, Mrs. Martha Moses; that the court erred in entering a directed verdict in favor of Eastern Overall Cleaning Company; that the court erred in not granting a mistrial where the jury was confused, there existed apparent disagreement, and an inconsistent verdict was rendered by the jury.

The court en banc is of the opinion that there was no error in refusing to permit counsel for plaintiffs to plead surprise. The unfavorable testimony of plaintiffs' witness was brought out in the course of cross-examination and not in direct examination. The rule permitting a party to plead surprise and to cross-examine his own witness applies only to direct examination. One offering the testimony of a witness always takes the risk that cross-examination may adduce testimony which is disappointing and unfavorable to the party calling the witness.

The court en banc also is of the opinion that the trial judge properly directed a verdict in favor of defendant, Eastern Overall Cleaning Company; Kite v. Jones, 389 Pa. 339 (1957).

We are all of the opinion that a new trial must be granted, because the record discloses that there existed a degree of uncertainty and confusion in the jury which requires granting a new trial in the interests of justice. After the case was submitted to the jury, the trial judge was notified at a late hour, 5 P.M., that the jury wanted additional instructions. The jury was convened in the courtroom and it developed that the jury did not require additional instructions but that there was a disagreement, with one juror refusing to join the majority of 11. In open court, the foreman said: "As far as the majority of jurors is concerned, I think we feel that some of his reasons are ridiculous."

The foreman then announced that the jury had come to a verdict in the case of William Wright and Mary Wright, his wife, and William H. Wright and Denise Wright, but were unable to decide the other case. The verdict was announced as in favor of defendants, Percy Rickman and William H. Wright, but the crier said "this juror says 'no' ". The jury was polled and juror no. 7 asked "Does that include the children or not?" After some colloquy, the trial judge said: "The thing

seems to be in such confusion I am going to withdraw a juror."

We are all of the opinion that at that point a juror should have been withdrawn. The practice of having a jury come into the courtroom and to humiliate a juror who dissents in order to coerce him to join the majority cannot be condoned. The place for resolving differences is in the jury room and the majority cannot enlist the aid of the trial judge in convincing those who do not agree with them.

Obviously, in this case, the jury did not require further instructions. It was highly improper at this stage for the foreman to say that the majority found the reasons of the dissenting juror ridiculous. It would take a strong minded juror to hold out in the face of public ridicule.

The uncertainty and confusion was not confined to juror no. 7 exclusively. If the jury had clearly determined the issues of fact in order to reach a verdict in the case of Mary Wright and the children against Percy Rickman and William H. Wright, there was no reason for a disagreement in the suit of the Rickmans against William H. Wright.

For the foregoing reasons plaintiffs' motion for a new trial is granted.