Commonwealth *v.* 108.3 Acres of Land
(et al., Appellant).

342

Argued April 19, 1968.  Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*John W. Beyer,* with him *Arnold, Bricker, Beyer and Barnes,* for appellant.

*William M. Musser, Jr.,* Special Counsel, with him *Benjamin B. Solomon,* Assistant Attorney General, *Raymond C. Miller,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellee.

Opinion by Mr. Justice Cohen, October 3, 1968:

Appellant owned approximately 108.3 acres of woodland in Clay Township, Lancaster County.  The Com-

monwealth, acting under its power of eminent domain, condemned the land and petitioned for a board of view which was appointed by the lower court. After the board viewed the subject property and concluded its hearing, it awarded appellant damages in the amount of $16,600. Appellant appealed to the Court of Common Pleas of Lancaster County requesting a jury trial to determine damages.

At the trial, the judge and jury viewed the subject property. Appellant testified that his damages as a result of the condemnation were $44,840, and his expert witnesses testified to damages of approximately $34,000. The Commonwealth's expert witnesses testified to damages in the amount of $12,000, and the jury returned a verdict in the amount of $30,000. The Commonwealth moved for a new trial on the ground that the verdict was excessive and, after argument, the court en banc directed appellant to file a remittitur of $10,000 or suffer a new trial. Appellant refused to file a remittitur and a new trial was ordered. Appellant appeals from that order.

In this appeal we must determine whether the trial judge committed an abuse of discretion by ordering a new trial. An examination of the record convinces us that the trial judge did not abuse his discretion. We believe that the record discloses sufficient basis for the trial judge to conclude that the amount awarded by the jury was excessive. It is at least debatable that the land in question was a marshy area and that it would not be economically feasible to cut the timber which presently existed on the property. The disparity between the award of the viewers and the amount of the jury verdict was also taken into consideration, the jury verdict being twice the amount of the award of the viewers.

Furthermore, we reject appellant's contention that the Eminent Domain Code, Act of June 22, 1964, P. L.

84, Art. I, §703 (26 P.S. §1-703) requiring the trial judge to accompany the jury on the view, does not authorize the trial judge to consider his own observations in determining whether or not the jury verdict was excessive. Section 703 provides that ". . . the view shall be evidentiary." Since the view is to be considered evidentiary, what the trial judge as well as the jury saw must constitute part of the evidence and therefore was properly considered by the court en banc in making its decision as to whether the weight of the evidence supports the verdict of the jury.

We are also of the opinion that the testimony of one of appellant's real estate experts concerning the value of a property supposedly comparable to the subject property was improperly admitted by the court below since the land referred to by this expert was located forty miles away from the subject property. There was no necessity on the part of the expert to refer to such land as comparable since the expert's own testimony indicates that there were many comparables in the vicinity of the property.

We believe that the allowance of such testimony concerning a comparable so distant from the subject property might have confused the jury, and might easily have led them to award appellant a greater sum than they might otherwise have done.

While §705(2) of the Eminent Domain Code of 1964 provides for the admission of expert testimony on comparables, this should not relieve the trial court of its responsibility of controlling the admissibility of valuation evidence. We agree with the comment to §705(2) appearing in Snitzer, Pennsylvania Eminent Domain at 397-8 (1965), which indicates that a sale, in order to be admissible, has to be not only comparable, but also *"judicially* comparable", and that §705 is based on the proposition that the courts will retain

their control over the admissibility of valuation evidence, deciding on a case by case basis whether an item of evidence is probative and relevant.

Order affirmed.

Mr. Justice JONES dissents.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Speaking for a unanimous Court in *Baker v. Department of Highways,* 401 Pa. 512, 514, 165 A. 2d 243, 245 (1960), Mr. Justice EAGEN correctly stated the test to be used by this Court in passing on the grant of a new trial in eminent domain cases where it was successfully urged on the trial court that the jury verdict was excessive. To reverse such a grant "it must clearly appear that the court acted capriciously, arbitrarily, improvidently or palpably abused its discretion." This test is consistent with the notion that a trial court has considerable discretion in determining whether a new trial should be granted. See Snitzer, Pennsylvania Eminent Domain §517-6 (1965). Because I believe that the court below did not abuse its discretion in granting a new trial, I concur in the result reached by the majority. However, I wish to make it clear that in my view the Pennsylvania Eminent Domain Code of 1964 has in no way changed the standards to be used either by trial courts in passing upon motions for a new trial or by appellate courts in reviewing such actions. That a view is now to be considered "evidentiary" does not authorize the trial judge to substitute his evaluation of the condemned property for that of the jury.

Obviously, since the view may now be considered by the jury as substantive evidence of a land parcel's worth, the judge *must* accompany the jury on this view. In fact, to permit the jury to view property in the judge's absence would be just as ridiculous under

the new code as would be the taking of expert testimony in court while the trial judge was out of the courtroom. But the judge's function vis-a-vis the view is no different than is his function with regard to any piece of evidence used in any jury trial, civil or criminal. The judge passes on the admissibility of the evidence, and in reviewing a request for a new trial he examines this evidence to determine whether it supports the verdict. In making this determination, however, the judge may not grant a new trial because he interprets otherwise credible evidence in a manner different from that of the trier of fact. Thus, if the jury in the present case reached its verdict solely on the basis of uncontradicted expert testimony plus a view of the property,[1] the trial court, in my judgment, could not grant a new trial simply because the judge had *also* viewed the property and had, on that basis alone, thought it worth less than the verdict.

In this case, however, the expert testimony was far from uncontradicted. Moreover, the verdict returned by the jury was almost twice that originally awarded by the board of view. While the viewers' award may not be used as evidence,[2] it is a factor to be considered by the court in passing on a new trial motion. *Baker v. Department of Highways,* supra; *Schuster v. Pennsylvania Turnpike Commission,* 395 Pa. 441, 149 A. 2d 447 (1959). In addition, this Court has sustained the

[1] Snitzer is of the opinion that the jury could not be instructed to return a verdict based *only* upon a view even when there is no other evidence offered by either side. The reason for this prohibition is the fact that a verdict based entirely on a jury view would not be judicially reviewable. Snitzer, Pennsylvania Eminent Domain §703(1)-2(c) (1965). Similarly, it should not be open to a trial judge to "review" a view in considering a motion for new trial.

[2] See *Mazur v. Commonwealth,* 390 Pa. 148, 134 A. 2d 669 (1957); Snitzer, Pennsylvania Eminent Domain §703(3) (1965).

granting of new trials and/or the ordering of remittiturs in two cases quite similar to the present one.

In *Dague v. Commonwealth,* 418 Pa. 340, 211 A. 2d 527 (1965), the trial court awarded a new trial on the grounds of verdict excessiveness, when the jury returned a verdict of $31,000 after the viewers had awarded $18,000. The expert testimony ranged from $9,000 (condemnor's experts) to $31,000 (condemnee's experts). This Court affirmed. Similarly, in *Young v. Upper Yoder Twp. Sch. Dist.,* 383 Pa. 320, 118 A. 2d 440 (1955), the jury awarded condemnee $33,000 following the viewers' valuation of $13,000 and expert testimony ranging from $6,000 to $45,000. The trial court ordered a substantial remittitur, and again this Court affirmed. The present case presents figures practically identical to those in *Dague* and *Young.* The board of view awarded $16,600; the jury verdict was for $30,000; and the expert testimony varied between $12,000 and $34,000.

I therefore agree with the majority that the trial court did not abuse its discretion in awarding a new trial.[3]

Mr. Justice EAGEN joins in this concurring opinion.

---

[3] By comparison, *Crumrine v. Washington Cty. Housing Auth.,* 376 Pa. 234, 101 A. 2d 676 (1954) illustrates the type of case in which the grant of a new trial *would* constitute abuse of discretion. After the jury returned a verdict of $25,000, only three thousand dollars more than the viewers' award, the court ordered a remittitur to $20,000, a figure even *less* than the viewers had given. Moreover, the lower court specifically conceded that it could not classify the verdict as contrary to or unsupported by the evidence. Rather, the court simply felt it was too large.