Willis J. and Jane H. Gilpin and Gabrielle B. and William C. Gumble *v.* Commonwealth of Pennsylvania, Department of Transportation. Commonwealth of Pennsylvania, Appellant.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

492

 

*Peter J. Comerota,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Jack G. Linshaw,* for appellees.

OPINION BY JUDGE ROGERS, October 31, 1975:

The Commonwealth's Department of Transportation (PennDOT) condemned for highway construction purposes, 24.3 acres of a 140 acre premises owned by Willis J. and Jane H. Gilpin, his wife, and Gabrielle B. and William C. Gumble, her husband, located in Sterling Township, Wayne County. The condemnation, in addition to the taking, bisected the condemnees' property creating two tracts, one containing 35.4 acres with no improvements and the other containing 80.3 acres improved with a dwelling house, barn and other outbuildings.

A board of viewers awarded the condemnees damages in the amount of $13,250. Both parties appealed.

At the trial in the court below the condemnees' expert witness testified to damages of $56,500 and one of the owners to damages of $80,000. PennDOT's two experts testified, respectively, to damages of $7200 and $5500. The jury returned a verdict in favor of the condemnees in the amount of $7200. The condemnees filed a motion for new trial which the court granted, subject to the condition that if the condemnor should agree to pay and the condemnees agree to accept $13,250 the grant of new trial would be denied. PennDOT has appealed, asserting that the court's order was an abuse of its discretion. We disagree and affirm the lower court's order.

The court below gave valid reasons for its conclusion that the verdict was inadequate and not truly reflective

of the amount of damages. It pointed out the wide disparity in the damages fixed by the various witnesses and the substantial disparity between the jury's verdict and the amount of damages awarded by the board of viewers. In *Mazur v. Commonwealth*, 390 Pa. 148, 134 A.2d 669 (1957), on which the lower court relied, our Supreme Court affirmed the grant of a new trial on facts and in circumstances strikingly similar to those here. We discern no abuse of discretion in the court's action.

Order affirmed.