Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Edith Nemiroff, Appellee.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*William P. Culp,* Special Assistant Attorney General, with him *Stuart M. Bliwas,* Assistant Attorney General, and *Robert W. Cunliffe,* Deputy Attorney General-Chief Counsel, for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY JUDGE ROGERS, May 8, 1979:

The Commonwealth's Department of Transportation (PennDOT) has appealed from an order of the Court of Common Pleas of Delaware County, granting Edith Nemiroff's motion for a new trial in this eminent domain case. We affirm.

On December 4, 1972 PennDOT filed a declaration of taking of Mrs. Nemiroff's property, located in Chester Township, Delaware County, for the purpose of constructing the Commodore Barry Bridge. PennDOT paid Mrs. Nemiroff $68,400 in estimated just compensation and a Board of View awarded her damages of $110,000. Both PennDOT and Mrs. Nemiroff appealed.

At the jury trial in the court below PennDOT's expert witness testified that the value of the property on the date of taking was $68,400. Mrs. Nemiroff's expert testified to a value of $150,000. On direct examination Mrs. Nemiroff testified that she had received $68,400 as estimated just compensation. After deliberating for several hours, the jury returned a slip of paper containing the following questions:

1. Does the amount have to be either $68,400.00 or $150,000.00?

2. Can we set our own price?

The court, apparently with the agreement of counsel for both parties, answered no to the first question and yes to the second. The jury deliberated further and returned a verdict of "zero compensated." The court then instructed the jury that it must return a verdict in a specific amount and that it must disregard the amount already received by Mrs. Nemiroff as estimated just compensation. The jury retired again and after several minutes of deliberation asked the court to "send the right amount already received." The court called the jury back into the jury box and again

instructed it not to consider the amount of compensation already received by Mrs. Nemiroff. At this point, one juror passed a slip of paper to the court asking "what was the amount stipulated by the State appraiser." The court told the jury that the court's recollection, which was not controlling, was that Penn-DOT's witness testified to a value of $68,400. The jury retired for a third time and after seven minutes of deliberation, returned with a verdict of $68,400 in favor of Mrs. Nemiroff. Mrs. Nemiroff's motion for, and the court's grant of, a new trial followed.

Our scope of review of an order granting a new trial is narrow. The grant of a new trial is with the sound discretion of the trial judge and an appellate court will reverse the decision of the court below only for capricious or palpable abuses of discretion. *Austin v. Ridge,* 435 Pa. 1, 255 A.2d 123 (1969). We find no such abuse of discretion here.

In granting the motion for a new trial the court below considered the disparity between the award of the board of viewers and the verdict of the jury. It also noted a substantial conflict in the expert testimony concerning the highest and best use of the property. These factors alone were valid reasons for setting aside the jury's verdict as inadequate. *See Mazur v. Commonwealth,* 390 Pa. 148, 134 A.2d 669 (1957); *Gilpin v. Department of Transportation,* 21 Pa. Commonwealth Ct. 491, 346 A.2d 860 (1975). The court below however also expressed as a basis for its order what it believed to be the jury's confusion concerning the effect to be ascribed to Mrs. Nemiroff's receipt of estimated just compensation evidenced by its questions and first verdict. Where the record discloses a substantial degree of uncertainty and confusion in the minds of the jury, justice requires the granting of a new trial. *Wright v. Rickman,* 26 Pa. D. & C. 2d 514, *aff'd,* 197 Pa. Superior Ct. 603, 179 A.2d 677 (1962).

This is clearly not a case of a court setting aside the jury's verdict because it disagreed with the result, as PennDOT asserts.

Order affirmed.

### ORDER

AND Now, this 8th day of May, 1979, the order of the Court of Common Pleas of Delaware County dated October 14, 1977 is hereby affirmed.