522 A.2d 1182

Middletown Township, Delaware County Sewer Authority, Appellant *v.* Gleave Baker and Elizabeth Baker, h/w, Appellees.

Argued December 8, 1986, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Robert B. Surrick,* with him, *Glenn R. Diehl,* for appellant.

*Peter J. Nolan,* for appellees.

Opinion by Senior Judge Kalish, March 18, 1987:

The Middletown Township, Delaware County Sewer Authority (Sewer Authority) appeals from a decision of the Court of Common Pleas of Delaware County granting just compensation of $6,000 plus $500 for expenses to Gleave and Elizabeth Baker (appellees). We affirm the trial court's award.

The Sewer Authority condemned a portion of the appellees' property for the construction of a sewer line. The condemnation included a temporary construction easement, the construction of a manhole on the property, and alterations and adjustments to the remainder of the property.

The appellees contend that since no objections were taken at the trial and no exceptions were filed to the trial court's general findings, the matters raised in this appeal were waived and are not properly before the court. The appellees further argue that even if this appeal is considered on the merits, the findings of the trial court are based on substantial evidence.

The Sewer Authority denies any violations of appellate procedural rules, and contends that even if there were violations, if the matter is considered on its merits, the trial court's findings are not based on substantial evidence.

The first question we must decide is whether the issues raised are properly before this court. While the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101—1-903, provides the exclusive method and practice governing eminent domain matters, it is silent with respect to procedural matters on appeals to the appellate court.

However, what is clear from the cases, and has been reiterated in our Rules of Civil Procedure, is that *if no objection is made at trial,* error which could have been corrected in pretrial proceedings by timely objections may not constitute a ground for post-trial relief. In *Yudacufski v. Department of Transportation,* 499 Pa. 605, 608, 454 A.2d 923, 924 (1982), an eminent domain case, the court stated, "It is axiomatic that timely and specific objections are required to preserve claims of error during a civil trial." The court cited *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974), where the court articulated the reasons for requiring compliance with the rules that alleged errors not called to the trial court's attention are waived on appeal:

> Appellate court consideration of issues not raised in the trial court results in the trial be-

coming merely a dress rehearsal. This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. . . . *Failure to interpose a timely objection at trial* denies the trial court the chance to hear argument on the issue and an opportunity to correct error.

*Id.* at 257, 322 A.2d at 116 (emphasis added).[1]

In the instant case, the record is clear that no objection was taken at trial to the testimony of appellees' real estate appraisal expert. It is not an abuse of discretion to require strict adherence to this rule since no obvious injustice was done to the complaining party. In *Dilliplaine,* our Supreme Court articulated the reasons for strict compliance with this rule.

Nor does the fact that section 705(1) of the Code, 26 P.S. §1-705(1), allows an expert to testify as to all facts and data that he used in arriving at his opinion of fair market value relieve the trial judge of his responsibility of controlling the admissibility of valuation evidence. *Commonwealth v. 108.3 Acres of Land,* 431 Pa. 341, 246 A.2d 124 (1968). Thus, in any other case, the trial judge passes, on a case-by-case basis, as to whether an item of evidence is probative and relative. This imposes on counsel the duty to make timely and specific objections to preserve claims of error during trial. Moreover, if we should overlook the procedural aspects as appel-

---

[1] *Department of Transportation v. Hess,* 55 Pa. Commonwealth Ct. 27, 423 A.2d 434 (1980), also an eminent domain case, was decided on stipulations with the question of the delay damage period left to the judge. It was only after the verdict was rendered and judgment entered thereon that the Department of Transportation had an opportunity to object, which was part of the relief sought on appeal.

lant requests, and decide this matter on the merits, appellant would not prevail.

Our scope of review is to determine whether the trial court abused its discretion, committed an error of law, and whether there is competent evidence to support the findings of the trial court. *Pidstawski v. South Whitehall Township*, 33 Pa. Commonwealth Ct. 162, 380 A.2d 1322 (1977); *Deets v. Mountaintop Area Joint Sanitary Authority*, 84 Pa. Commonwealth Ct. 300, 479 A.2d 49 (1984).

In Pennsylvania, the compensation which a property owner is entitled to receive in an eminent domain proceeding is measured by the difference between the fair market value of the real estate before the taking, unaffected by the taking, and the fair market value of the real estate after the taking, as affected by it, and considering all the uses to which the land might be reasonably put. Section 602(a) of the Code, 26 P.S. §1-602(a); *Mazur v. Commonwealth*, 390 Pa. 148, 134 A.2d 669 (1957).

In determining the after value of the property, the expert may consider the cost of the adjustments and alterations to any remaining property made necessary or reasonably required by the condemnation. Section 705(2)(v) of the Code, 26 P.S. §1-705(2)(v). The reason for this is that these matters affect the fair market value of the remainder. However, in doing so, these items are not to be considered as independent items of damage, but rather as elements bearing on the fair market value. *Scavo v. Department of Highways*, 439 Pa. 233, 266 A.2d 759 (1970).

In the testimony of appellees' real estate appraisal expert concerning the alterations or improvements necessary, the expert said he considered the easement's location right behind the house, the loss of trees, shrubs, plantings, topsoil and the planting of grass, the loss of

the electric line and water line in the rear of the property, and the costs of restoring these items. While the expert said that the total expense to the property owner of all these items was $4,800, the record shows that he took them into consideration in determining the after value, but not as specific items of damage. He fixed damages at $10,000.

On the other hand, the appellant's expert said, "When I came on the scene I had no knowledge of these costs to cure items. . . . [M]y assumption was that the property was properly restored." He stated that he considered it in the valuation of the remainder and fixed damages at $2,000.

The extent of the adjustments plays a very important part in determining the fair market value since so much depends on the judgment of the expert. The fact finder considers these adjustments in determining the credibility of the expert, how he arrived at his opinion, and the weight or persuasive quality of his testimony. The record shows that this is exactly what the trial judge, as the fact finder, did. His findings are based on substantial and relevant evidence.

Accordingly, we affirm.

### Order

Now, March 18, 1987, the order of the Court of Common Pleas of Delaware County is affirmed.

Judge MacPhail concurs in the result only.