118 Pa. Commonwealth Ct. 620 (1988)
546 A.2d 1282
Commonwealth of Pennsylvania, Department of Transportation, Appellant
v.
Lawrence A. Becker, and Margaret G. Becker, his wife, Appellees.
No. 2012 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued June 15, 1988.
August 18, 1988.
*621 Argued June 15, 1988, before Judge SMITH, and Senior Judges KALISH and NARICK, sitting as a panel of three.
John V. Rovinsky, Assistant Counsel, with him, John L. Heaton, Chief Counsel, for appellant.
John W. Ashley, with him, Charles J. Fonzone, Fonzone and Ashley, for appellees.
*622 OPINION BY SENIOR JUDGE KALISH, August 18, 1988:
The Pennsylvania Department of Transportation (DOT), appeals an order of the Court of Common Pleas of Northampton County which denied DOT's motion for a new trial in this condemnation case. We affirm.
Lawrence A. Becker and Margaret G. Becker (Beckers) owned a 10.7 acre tract of land. For the purpose of constructing Route I-78, DOT condemned 7.7 acres of this tract. The property consisted of an old stone farmhouse, which was built in 1813 and modernized by the Beckers, and a heated building used to house Mr. Becker's tools and equipment. The remainder of the land was recorded on a plan for subdivision purposes.
DOT paid the Beckers $100,000 as estimated just compensation and took possession of the property. The Beckers physically moved their house to a nearby lot and sold it about a year and a half later.
A Board of View (Board) was appointed to determine what, if any, additional compensation was due the Beckers. The Board rendered a decision in favor of the Beckers in the amount of $260,500. Both parties appealed to the court of common pleas.
At the trial de novo, the jury found the before value of the real estate to be $330,000 and the after value, $13,000. A verdict of $317,000 was entered for the Beckers.
DOT contends that the trial court erred in admitting into evidence the testimony of the Becker's expert, Mr. Wayne Whitney. DOT alleges that Whitney violated the "unit" rule, and that he used sales that were not comparable. Finally, DOT contends that the trial court erred in admitting into evidence a subdivision plan and model and in permitting Mr. Becker to testify as to the condition of the residence when he bought it and the improvements and alterations he made.
*623 Our scope of review in eminent domain cases is to determine whether the trial court abused its discretion or committed an error of law. Captline v. County of Allegheny, 74 Pa. Commonwealth Ct. 85, 459 A.2d 1298 (1983).
Just compensation, which the owner is entitled to receive, is measured by the difference between the fair market value of the real estate immediately before the taking and the fair market value of the real estate immediately after the taking, as affected by the taking and considering all of the uses to which the property might reasonably be put. Mazur v. Commonwealth, 390 Pa. 148, 134 A.2d 669 (1957); Westinghouse Air Brake Co. v. Pittsburgh, 316 Pa. 372, 176 A. 13 (1934). Pursuant to section 603(3) of the Eminent Domain Code (Code),[1] machinery, equipment and fixtures forming part of the real estate must be taken into consideration in determining fair market value.
One of the most important factors to be considered is not only the present use to which the property is being put, but all of the uses, including the highest and best use to which the land is adaptable and available. Stoner v. Metropolitan Edison Co., 439 Pa. 333, 266 A.2d 718 (1970). However, there is only one fair market value, and it is an appraisal error to say that the property has one fair market value for commercial purposes and another fair market value for residential purposes. Thus, it is required that the property be valued as a whole, and where it is shown that portions of a single tract are adaptable to different uses, it is a mistake to appraise each area's separate value and then add them together to get the value of the whole. Gilleland v. New York State Natural Gas Corp., 399 Pa. 181, 159 A.2d *624 673 (1960). In other words, these potential uses are considered not as a measure of damages, but to the full extent that the possible demand for such use affects the market value. As long as the ultimate opinion of the expert witness fixes the difference between the value of such property as a whole before the taking and the value of the property as a whole after the taking, there is nothing misleading or speculative about allocating certain values to the land, buildings, machinery, and equipment, forming part of the real estate. North Side Deposit Bank v. Urban Redevelopment Authority of Pittsburgh, 1 Pa. Commonwealth Ct. 274, 274 A.2d 215 (1971).
Thus, in North Side Deposit Bank, this court indicated that where the issue involved is not the allocation of damages, but rather what items can be looked to in determining value, the unit rule applied. The appraiser cannot give a dollar value assigned to each element he considered in determining value, but he can consider in his own mind the value of the subject property as two separate parcels.
The fact that the real estate appraiser may testify as to all facts and data that he used in arriving at his opinion of fair market value does not relieve the trial judge of his responsibility of controlling the admission of valuation testimony. Section 705 of the Code, 26 P.S. §1-705. Commonwealth v. 108.3 Acres of Land, 431 Pa. 341, 246 A.2d 124 (1968). Here, the record shows that the trial judge performed this function.
The record shows that Mr. Whitney's testimony did not violate the "unit" rule, because he gave only values for the whole property before and after the taking. He testified that the way he arrived at his valuation was to first conclude that the highest and best use of the property was to use the house, outbuildings, and 1.35 acres as a residence and to sell the remaining acreage for *625 commercial development. The combined value equalled $327,000. Mr. Whitney testified under cross-examination, that in determining fair market value, he did not simply add up the separate valuations, but rather made a conscious determination that, in this particular case, the sum of the parts equalled the whole. Cross-examination, as in this case, was available to test the strength of the Mr. Whitney's testimony, and for the fact finder to determine the persuasive weight of his testimony.
The trial court felt, and we agree, that because of the uniqueness of the property in terms of total acreage and the existence of the recorded subdivision plan, it was for the jury to determine the credibility of Mr. Whitney and the weight of his testimony in determining the fair market value of the property and the method that he used. The record shows that Mr. Whitney valued the property not as a measure of damages, but rather he considered the uses to the full extent to which it affected the fair market value as a whole. There was nothing misleading or speculative about this allocation.
In his charge to the jury, the trial Judge said, "you do not add up the separate parts, it is your obligation to come up with a value for this land as a whole." This was amended by the Judge to explain to the jury that when he used the term "land", it included the whole property.
DOT contends that the trial court erred in allowing the Beckers' expert real estate witness, Robert Melhorne, to use sales which were judicially noncomparable.
We examined the record to determine whether the trial court abused its discretion in admitting sales of comparable properties to be used by Mr. Melhorne. The record shows that Mr. Melhorne recognized that no two properties are exactly alike, and that it was necessary to make adjustments to the sales price of the comparables to aid him in his opinion. These were adjustments *626 as to size, condition, and location of the properties. These adjustments, including those applied to the Beckers' residence which was moved to another parcel and sold, all went to the weight of Mr. Melhorne's opinion.
There are no criteria in the Code for determining what is comparable. The function of the judge in determining what is judicially comparable is a discretionary matter, and unless there is a manifest abuse, the trial judge will be upheld. Arndt v. Central Cambria School District, 7 Pa. Commonwealth Ct. 150, 298 A.2d 682 (1972).
DOT's next contention is that the trial court erred when it allowed into evidence testimony concerning Mr. Becker's planned subdivision of the property and his use of a model and overlay to illustrate his testimony. DOT's first objection is based on the contention that the proposed subdivision was not viable or definite enough to be considered as an item of damage, and the second objection, to the use of the model and overlay, is based on the assertion that they were inaccurate and misled the jury. Where a property owner contends that the highest and best use of the property is for a use different than its present use, the owner has the burden of showing that it is physically adaptable for that use. Rothman v. Commonwealth, 406 Pa. 376, 178 A.2d 605 (1962).
Both sides presented testimony on the issue of adaptability of the property for commercial purposes. The Beckers produced evidence that there was a recorded subdivision plan and sewer and water testing. The model and overlay were introduced into evidence to show the use to which the land was best adapted and not to show value for individual lots. There was no evidence presented as to values for individual lots. There was testimony from the solicitor for Lower Saucon Township that the subdivision plan was a viable one, *627 and that the property owner had only to comply with certain permit requirements for water and sewage.
DOT's final contention is that the trial court erred in allowing Mr. Becker to testify about his shop and its use, and what work he had on the house since he bought it in 1942. The testimony of Mr. Becker concerning his shop, the condition of his home and its relation to the newly constructed highway, and the nature of the repairs and alterations he made since he bought it, is relevant and probative on the issue of fair market value. This testimony was not put into evidence as specific items of damage.
Accordingly, we affirm.

ORDER
NOW, August 18, 1988, the order of the Court of Common Pleas of Northampton County, No. 1985-CM-2620, dated August 3, 1987, is affirmed.
Judge SMITH dissents.
NOTES
[1] Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. §1-603(3).