557 A.2d 1178

Cumberland Valley School District *v.* Cumberland County Board of Assessment Appeals and United States Steel, Inc. United States Steel, Inc., Appellant.

Argued April 3, 1989, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Gregory G. Cotz,* with him, *John E..Garippa, Garippa & Trevenen,* PA, for appellant.

*Charles D. Vance, Jr., Snelbaker & Elicker,* for appellee.

OPINION BY SENIOR JUDGE KALISH, May 9, 1989:

United States Steel, Inc., (U.S. Steel) appeals from an order of the Court of Common Pleas of Cumberland County which set the assessment of U.S. Steel's real estate at $580,000, thus increasing the assessment from a value of $534,000 as set by the Board of Assessment Appeals of Cumberland County (Board). We affirm.

U.S. Steel is the owner of a 43.69 acre tract of land in Hampden Township, Cumberland County, on which is located a large building and facilities that are used for

fabrication, warehousing and offices. The property is in an Industrial Park and is currently leased to True Temper Hardware. In 1987, U.S. Steel filed an assessment appeal with the Board concerning its 1988 real property assessment. Following a hearing, the Board reduced U.S. Steel's assessment from $684,850 to $534,000. Thereafter, the Cumberland Valley School District (School District) filed an appeal with the Court of Common Pleas of Cumberland County, seeking to increase the assessment of the subject property. U.S. Steel filed a Notice of Intervention. A *de novo* hearing was held, and the Court of Common Pleas set the assessment of the property at $580,000, thus increasing the assessment set by the Board.

At the hearing in the Common Pleas Court, both sides presented the testimony of experts who considered market sales and income analysis approaches to fair market value. U.S. Steel contends that the expert for the School District, William J. Daylor, made unsupported and excessive adjustments to the comparable sales that he considered, and to rentals of comparable properties.

The fact that a real estate expert may testify as to all facts and data that he used in arriving at his opinion of fair market value does not relieve the trial judge of his responsibility of controlling the admission of valuation evidence. *Commonwealth v. 108.3 Acres of Land,* 431 Pa. 341, 246 A.2d 124 (1968). The issue, therefore, is whether the trial judge abused his discretion in admitting the sales of properties which the expert considered comparable. Since no two properties are exactly alike, an expert must make adjustments to the sales price of the comparable property to aid him in his opinion. These adjustments may be as to the condition of the property, its location, size, et cetera. Thus, adjustments and the extent of them play a very important part in determining the fair market value of the property under consideration, particularly

since so much depends on the judgment of the expert. Also, cross-examination of the expert as to how he arrived at the adjustment is important. The fact finder considers all this in determining how much weight will be given to the expert's opinion. The fact finder treats the expert like any other witness. He applies to him the same standards of credibility as any other witness. He may consider his background and the reasons for his opinion, including the adjustments, in determining the persuasive quality of his testimony. The weight of an expert's testimony is left to the fact finder. *Pittsburgh Outdoor Advertising Corp. v. Urban Redevelopment Authority of Pittsburgh,* 440 Pa. 321, 272 A.2d 163 (1970).

An examination of the record shows that the expert for the School District made adjustments for the size, location, and condition of comparable sales. While the degree of the adjustments was based on the expert's experience, that factor went to the weight of the testimony rather than its admissibility. The record does not indicate that the trial court abused its discretion in admitting the testimony.

Accordingly, we affirm.

### ORDER

NOW, May 9, 1989, the order of the Court of Common Pleas of Cumberland County, 203 Civil 1988, is affirmed.